FRANCES GOLDBERG *vs.* HENRY GOLDBERG.

Norfolk.    March 20, 1979. — June 28, 1979.

Present: BROWN, GREANEY, & KASS, JJ.

*Practice, Civil,* Master: hearing on report, conclusion from findings. *Contract,* Separation agreement.

This court declined to review the propriety of an evidentiary hearing for the purpose of making findings supplemental to those of a master, which was held upon a plaintiff's "Request for Findings and Proposed Judgment," a document not served on the defendant prior to the hearing, where it did not appear that the defendant objected either to the plaintiff's request or to any ruling of the judge. [834-835]

Under the terms of a separation agreement which provided that the husband should cause a corporation he controlled to keep his wife covered and insured with whatever maximum medical and hospital coverages were maintained for the corporation's employees, a finding that the corporation paid the husband's Medicare and Medex

premium payments as well as other medical expenses he had incurred warranted a conclusion that the husband was obligated to provide for all of his wife's medical expenses. [835-836]

Where a defendant in a civil action did not object to anything in a master's report but moved for judgment on the report, he could not upon appeal claim that a finding of the master was error. [836]

The judge in a civil action did not err in permitting the plaintiff's daughter to testify as to the plaintiff's medical expenses where the daughter had been charged by the plaintiff's conservator with handling the plaintiff's checkbook and paying her bills. [836]

Upon a finding that, under the terms of a separation agreement, a husband was obligated to pay his wife's medical expenses, the judge did not err in ordering the husband to pay his wife's future medical bills within thirty days of his receipt of them. [836]

CIVIL ACTION commenced in the Probate Court for the county of Norfolk on August 12, 1975.

The case was heard by *Ford*, J.

*Richard M. Zinner (Joel A. Kozol* with him) for the defendant.

*Richard D. Clarey* for the plaintiff.

BROWN, J. The plaintiff, Frances Goldberg, commenced this action for equitable relief against her husband, Henry Goldberg, in a Probate Court to compel Henry to cause the corporation he controls to pay certain medical expenses he promised it would pay under a separation agreement entered into by him with her. Henry is appealing from a judgment entered in the Probate Court which declared that, under the agreement at issue, he is responsible for the payment of all of Frances' medical expenses.

The case was referred to a master, who filed a report from which the following facts are taken. In 1970 Frances and Henry Goldberg entered into a separation agreement. Paragraph eight of that agreement provided that Henry "shall cause the Delta Tire Co., Inc., a Massachusetts corporation of which Henry is an officer, to keep Frances covered and insured as Henry's wife with whatever *maximum medical and hospital coverages* are maintained for its employees (and their wives) by said Delta Tire Co., Inc." This was to be done for as long as Frances

should live and remain Henry's wife. At the time the agreement was executed Henry was the controlling stockholder of Delta Tire Co., Inc. (Delta). Also at the time the agreement was executed Delta had in effect a Master Medical Insurance Program through Blue Cross and Blue Shield, which provided comprehensive medical coverage. This plan covered employees, their wives, and their children under the age of nineteen. The parties were unaware when they executed the agreement that this coverage terminated for subscribers and their wives when each attained the age of sixty-five. At age sixty-five such persons would be covered by Medex and Medicare. Henry was sixty-six years old and Frances was sixty-four years old when the agreement was executed. After discovering that the Master Medical coverage of Blue Cross-Blue Shield had terminated for them when they reached age sixty-five both Henry and Frances took Medex and Medicare coverages. The Medex-Medicare coverages applicable to Frances after she reached age sixty-five are substantially equal to the Blue Cross-Blue Shield coverages applicable to her up to age sixty-five. Since Frances and Henry began taking coverage under Medex-Medicare, Delta has paid substantially all of Henry's premiums. At the same time Henry has refused to pay Frances' premiums. In addition, various other medical bills of Henry, not covered by Medicare or Medex, have been paid by Delta.

The master determined that the payment of Henry's Medicare and Medex premiums, and various other medical expenses, by Delta constitute "hospital and medical coverage maintained by Delta" within the meaning of the agreement. And since he found that the intent of Henry and Frances at the time they entered the agreement to be that "Frances was to have the same benefits with respect to the payment of medical bills by Delta that Henry enjoys," he concluded that Henry was obligated under the agreement to provide the same for Frances.

1. The master's final report was filed in July, 1976. In August, 1976, Henry moved to "confirm" the master's report and for judgment on the report. Frances filed objections to the master's report, and moved for recommittal. The judge overruled Frances' objections to the master's findings and denied the motion for recommittal. An interlocutory order was entered in December, 1976, adopting the report. On May 10, 1977, the date Henry's motion for judgment was scheduled for hearing, Frances filed a document entitled "Request for Findings and Proposed Judgment."[1] Although this document had not previously been served on Henry, the judge proceeded to hold an evidentiary hearing for the purpose of making findings supplemental to those of the master. See Mass. R.Civ.P. 53(e) (2), 365 Mass. 820 (1974). Henry failed to object to the holding of an evidentiary hearing. The judge heard evidence only on damages (i.e. medical expenses) which arose after the conclusion of the hearings before the master. See *Godard* v. *Babson-Dow Mfg. Co.*, 319 Mass. 345, 349 (1946). This was not error. *Peteros* v. *Peteros*, 328 Mass. 416, 419-420 (1952). Even if we were to assume that Henry could have complained of his lack of notice of Frances' request for findings and proposed judgment or that the holding of the hearing denied him due process of law, Henry has not made it appear that he objected either to Frances' request or to any ruling of the judge.[2] See Mass.R.Civ.P. 46, 365 Mass. 811 (1974). In

---

[1] Henry as well as Frances submitted a form of proposed final judgment. It is not clear whether Frances filed a proposed judgment at the end of the hearing or at the outset. In any event, in the view we take of this case, the time of filing is of no consequence.

[2] Although the transcript does show that during the course of the day-long hearing Henry made two objections, it cannot be reasonably asserted that either was directed to the claim now argued on appeal that the judge "compelled" him to proceed with the evidentiary hearing in violation of the various procedural rules and the State and *Federal Constitutions.* For example, Henry's counsel stated: "I don't believe it proper . . . that the court hear evidence with respect to the

these circumstances, there is nothing for this court to review in this regard.

2. As "[w]e are bound by the facts found in the ... report of the master [as adopted by the judge] except those which are mutually inconsistent or plainly wrong,"[3] which they are not, "[w]e proceed to determine whether the final [judgment] is 'such as the law requires upon the facts found by the master and proper inferences therefrom.' " *Rose* v. *Homsey*, 347 Mass. 259, 260 (1964), quoting from *Foot* v. *Bauman*, 333 Mass. 214, 219 (1955). We think the judge could properly have concluded that the parties intended that Frances was to be entitled to the same protection from medical expenses as Delta provided for Henry.[4]

As we have noted, the agreement between Henry and Frances provides, in part, that Henry "shall cause the Delta Tire Co., Inc. ... to keep Frances covered and insured as Henry's wife with whatever maximum medical and hospital coverages are maintained for its employees (and their wives) by said Delta Tire Co., Inc." In construing such an agreement in circumstances as are present here, the court "will place itself in the position occupied by the parties. To accomplish this, the court will examine the subject matter of the agreement and the language employed, and will attempt to ascertain the objective sought to be accomplished by the parties." *Feakes* v. *Bozyczko*, 373 Mass. 633, 635 (1977). We look also to the findings of the master which are conclusive of the subsidiary facts. The master found that Delta had paid Henry's Medicare and Medex premium payments as well as various other medical expenses he had incurred. Given that

period prior to the hearing [i.e., October 12, 1976] on the confirmation of the master's report."

[3] When the evidence is reported, as here, "it may be used to show that a finding of the master is plainly wrong." *Peters* v. *Wallach*, 366 Mass. 622, 626 (1975).

[4] The judge took no evidence and made no additional findings of fact with respect to the intent of the parties.

finding, we think the judge correctly reasoned that Henry was obligated, pursuant to the agreement, to see that Frances enjoyed the same protection and benefits. Thus, his ruling ordering Henry "to provide for all medical expenses of [Frances]" was not error.

3. We treat the defendant's remaining contentions in a summary manner.

a. Henry's argument that the master's finding as to the intent of the parties was error is not properly before us. As Henry did not object to anything in the master's report but instead moved for judgment on the report, he may not complain now about an issue which was not presented to the trial judge. The contention, in any event, is without merit.

b. The judge did not err in permitting Frances' daughter to testify as to the medical expenses incurred by Frances. The record shows that the daughter was charged by Frances' conservator with the responsibility of handling Frances' checkbook and paying her bills. Her testimony was certainly relevant to the issue of the amount Frances had paid for medical expenses since the adoption of the master's report. It cannot be gainsaid that the question of credibility was for the judge.

c. The judge properly ordered the defendant to make future medical payments not yet due. Compare *Stanton-Abbott* v. *Stanton-Abbott* 372 Mass. 814, 816-817 (1977). Here the equity judgment entered in the Probate Court did not require Henry to make any specific future payments. Contrast *Spaulding* v. *Morse*, 322 Mass. 149, 154 (1947). Upon finding that Henry was obligated to pay for Frances' medical expenses the judge ordered that, upon the submission of future bills to Henry by Frances, Henry "shall pay them within 30 days of his receipt of them." We find no error in this ruling. We think it "entirely proper as merely anticipating an application for 'further relief' by the party who secured the declaration. See G. L. c. 231A, § 5." *Board of Health of No. Adams* v. *Mayor of No. Adams*, 368 Mass. 554, 568 (1975).

*Judgment affirmed.*