## Constance E. Krapf vs. Albert H. Krapf.

No. 01-P-1379.

Middlesex. April 8, 2002. - July 19, 2002.

Present: Porada, Gillerman, & Kafker, JJ.

Further appellate review granted, 437 Mass. 1110 (2002).

*Divorce and Separation,* Pension benefits, Attorney's fees. *Pension. Veteran. Declaratory Relief. Practice, Civil,* Declaratory proceeding, Attorney's fees. *Res Judicata.*

In a civil action seeking a declaration of the parties' entitlement to military retirement and veterans' disability benefits under the parties' separation agreement, the judge did not err in ordering the defendant husband to pay to the plaintiff wife the equivalent of fifty per cent of the military retirement pension that the husband would have received if he had not waived his entitlement to the same by accepting veterans' disability benefits, where by waiving his pension to receive the disability benefits subsequent to the execution of the separation agreement, the husband in effect deprived the wife of her entitlement to her share of his pension, and the result was a violation of the covenant of good faith and fair dealing. [489-491]

In a civil action seeking a declaration of the parties' entitlement to military retirement and disability benefits under the parties' separation agreement, the judge was empowered to enter an order for payment of monies due. [491]

This court was unable to determine whether the adjudication of a prior complaint for contempt constituted a bar to a civil action seeking a declaration of the parties' entitlement to military retirement and disability benefits under the parties' separation agreement, where the parties did not provide the court a copy of the transcript of the hearing on the complaint for contempt or submit the judge's findings or rationale for the prior decision. [491-492]

In a civil action seeking a declaration of the parties' entitlement to military retirement and disability benefits under the parties' separation agreement, the judge did not err in awarding the plaintiff attorney's fees, where the separation agreement provided that, in the event a party should breach the agreement, the other party was entitled to recover the costs incurred in enforcing the agreement. [492]

Civil action commenced in the Middlesex Division of the Probate and Family Court Department on October 6, 2000.

The case was heard by *Beverly Weinger Boorstein,* J.

*Clarence V. LaBonte, Jr. (Theresa K. Capobianco* with him) for Albert H. Krapf.

*Joseph S. Tangusso* for Constance E. Krapf.

PORADA, J. The defendant appeals from a declaratory judgment entered by a judge of the Probate and Family Court requiring the defendant to pay to the plaintiff the equivalent of fifty per cent of the military retirement pension that the defendant would have received from the Department of Defense if the defendant had not waived his entitlement to the same by accepting disability benefits from the Veterans' Administration. The defendant argues that the judge committed error because the judgment constitutes a disposition of his veterans' disability benefits in violation of Federal law and modifies the parties' division of marital assets in violation of State law. Additionally, he claims that the plaintiff is barred from litigating this issue under the principles of res judicata by virtue of the prior dismissal of the plaintiff's complaint for contempt based on the defendant's alleged failure to comply with a qualified domestic relations order (QDRO) for the apportionment of the defendant's military retirement benefits pursuant to the parties' settlement agreement. Finally, the defendant contends that the judge of the Probate and Family Court lacked the authority to enter an order for payment of money under the declaratory judgment statute, G. L. c. 231A, and to award the plaintiff attorney's fees to defend against the defendant's appeal in this action. We affirm the judgment, as modified by this decision, and the order awarding the plaintiff her attorney's fees in defending against this appeal.

We summarize the pertinent facts and procedural background. The parties entered into a separation agreement dated December 5, 1985, under which they agreed to divide their marital estate equally. The agreement specifically provided that the defendant "shall cause to be entered by the Middlesex Probate Court an order allocating half his pension rights with the U.S. Army to the Wife [the plaintiff]." The agreement further provided that the parties accepted the terms of this agreement as "fair, equitable and commensurate with what they may have been entitled to at the hearing conducted in accordance with

[G. L. c. 208, § 34]." The agreement was incorporated into the divorce judgment and survived as an independent contract between the parties. After the entry of the divorce judgment, a QDRO was executed providing that the plaintiff "is entitled to receive directly from the Secretary of the Army 50% of the disposable retired or retainer pay accrued by the member [defendant] as of December 5, 1985." On September 7, 1989, the parties entered into a subsequent agreement providing in relevant part that "[e]ach party unconditionally waives alimony from the other."[1]

On May 31, 1994, the defendant retired from the army, and both the plaintiff and the defendant began to receive their allotted fifty per cent shares of his monthly retirement benefits. In 1997, the defendant applied to the Veterans' Administration for disability benefits. In April, 1997, he was deemed ten per cent disabled; in April, 1998, he was deemed fifty per cent disabled, and in June, 2000, he was deemed one hundred per cent disabled. As a consequence of receiving disability benefits, the defendant incurred a dollar-for-dollar reduction in the amount of his retirement pay. As a result, from April, 1997, to June, 2000, his wife's fifty per cent share of military retirement benefits decreased from $1,009.04 to $145.00 per month.

In July, 2000, the plaintiff filed a complaint for contempt based on the defendant's failure to comply with the QDRO by making changes in his disposable income that reduced the plaintiff's entitlement to retirement benefits. The complaint for contempt was dismissed with prejudice. Upon dismissal of the complaint for contempt, the plaintiff filed a complaint for declaratory relief in which she requested the court to interpret the parties' entitlement to the retirement and disability benefits under their December 5, 1985, separation agreement. The par-

[1] The 1989 agreement contained a clause providing that it superseded the December 5, 1985, agreement. The defendant, however, does not argue that the 1985 agreement is no longer in effect insofar as it applies to his military pension, but rather argues that the 1985 agreement is dispositive of the result he seeks in this case. The parties in their statement of agreed facts refer to the 1989 agreement as having "amended" the 1985 agreement. The 1989 agreement contains no provision relating to the defendant's military pension, which of course did not become an issue until the 1990's when the defendant began receiving his retirement and disability payments.

Krapf *v.* Krapf.

ties submitted the case for decision on a statement of agreed facts, which in essence reiterated those facts set forth above. Additionally, the statement of agreed facts recited that the defendant currently receives $2,166.00 per month in disability payments, which includes a stipend for his current wife, and that the defendant receives $145.00 per month in retirement benefits with the same amount being paid to the plaintiff. The parties also filed financial statements with the Probate Court. The financial statements disclosed that the defendant has disposable income other than his disability and retirement benefits.

Upon review of the statement of agreed facts, the Probate Court judge determined that the parties entered into a contract in which they agreed to divide equally their marital estate and not to do anything that would have the effect of destroying or injuring the other party's ability to receive the fruits of their contract. The judge reasoned that the defendant's action in applying for and receiving disability benefits that resulted in a drastic reduction of the plaintiff's entitlement to retirement benefits was a breach of the parties' separation agreement because it deprived the plaintiff of the expected fruits of her contract with the defendant, constituted a breach of the covenant of good faith and fair dealing, and discounted the court's obligation to provide equitably for divorcing spouses. Accordingly, the judge ordered: "The defendant . . . shall pay to plaintiff . . . that monthly sum, when added to the amount plaintiff currently receives, which would be the equivalent of fifty percent (50%) of his pension pay if same was in payout status." The judge further ordered that the "[a]rrearage accumulated from April 1997 to date is that sum which plaintiff would have received if she were receiving a fifty percent (50%) benefit minus the funds she did in fact receive during the time period at issue."

We now turn to the issues raised by the defendant's appeal.

1. *Military benefits.*

a. *Background.* Members of the armed services who serve for a specified period may retire with "retired pay." 10 U.S.C. §§ 3911 et seq. (2000). The amount of retirement pay a veteran will receive is calculated according to the number of years served and rank. 10 U.S.C. §§ 3991 et seq. (2000). Veterans

who are disabled as a result of military service are eligible for disability benefits. "In order to prevent double dipping, a military retiree may receive disability benefits only to the extent that he waives a corresponding amount of his military retirement pay. [38 U.S.C. § 5305 (2000)]." *Mansell* v. *Mansell,* 490 U.S. 581, 583 (1989).

In *McCarty* v. *McCarty,* 453 U.S. 210 (1981), the Supreme Court ruled that military retirement pay was not a divisible marital asset. In response, in 1982 Congress enacted the Uniformed Services Former Spouses' Protection Act, which authorized State courts to treat "disposable retired pay" as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court. 10 U.S.C. § 1408(c)(1) (2000).[2] "[D]isposable retired pay" under the act excludes military retirement pay waived in order to receive veterans' disability payments. 10 U.S.C. § 1408(a)(4)(B) (2000). Subsequent to the passage of this act, the Supreme Court was faced with determining whether retirement pay waived by a veteran in order to receive veterans' disability benefits was a divisible marital asset and ruled that it was not. *Mansell* v. *Mansell,* 490 U.S. at 594-595. In Massachusetts, military retirement benefits are considered part of the marital estate and are assignable to either party in a divorce action. G. L. c. 208, § 34.

b. *The order.* The defendant argues that the judge's order to pay to the plaintiff the difference in what she would have received as fifty per cent of his veterans' retirement benefits if he had not waived this sum in order to receive veterans' disability payments less the amount she actually receives is precluded by the *Mansell* decision because it amounts to a division of his veterans' disability benefits. We disagree.

Absent countervailing equities, separation agreements that retain their independent significance are subject to the same rules of construction and interpretation applicable to contracts generally. See *O'Brien* v. *O'Brien,* 416 Mass. 477, 479 (1993); *Cournoyer* v. *Cournoyer,* 40 Mass. App. Ct. 302, 305 (1996). As such, it is the intent of the parties that controls. Here, the

---

[2] We refer to the current codification of the act.

parties agreed to divide their property equally, fairly, and equitably, including a fifty per cent division of the defendant's military pension. Implicit in this agreement is the covenant of good faith and fair dealing. *Kerrigan* v. *Boston*, 361 Mass. 24, 33 (1972). The covenant requires "that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract . . . ." *Druker* v. *Roland Wm. Jutras Assocs.*, 370 Mass. 383, 385 (1976), quoting from *Uproar Co.* v. *National Bdcst. Co.*, 81 F.2d 373, 377 (1st Cir.), cert. denied, 298 U.S. 670 (1936).

By waiving his military retirement pay in order to receive veterans' disability payments subsequent to the execution of the separation agreement, the defendant in effect deprived the plaintiff of her entitlement to fifty per cent of his military retirement benefits, and the result was a violation of the covenant of good faith and fair dealing. In *Nile* v. *Nile*, 432 Mass. 390, 398-399 (2000), the Supreme Judicial Court held that a husband could not contravene the terms of a postdivorce settlement agreement — in which he promised to devise at least two-thirds of his estate to the children of his first marriage — by subsequently creating an inter vivos trust that at his death dispersed the bulk of his estate to his second wife, with a minimal provision for said children, and left no estate to probate. The court ruled that the creation of the inter vivos trust was a breach of the covenant of good faith and fair dealing under the settlement agreement and consequently imposed a constructive trust on the trust assets for the benefit of a child of his first marriage upon the husband's death. *Id.* at 399-401. Similarly, the plaintiff's benefits, for which she bargained under the separation agreement, should be restored. Accordingly, we conclude that the judge's order did not constitute a division of veterans' disability payments, but rather gave meaning to the plaintiff's rights under the contract by directing payments that gave her the economic value of her promised equal share of the defendant's military retirement pay.[3]

Similarly, we reject the defendant's argument that the judge's

---

[3]To insure that the wife receives the amount of the husband's military pension that was contemplated in the original divorce judgment or separation agreement where the husband is the subsequent recipient of disability benefits,

order constituted a modification of the parties' division of marital assets. The judge's order simply enforced the parties' separation agreement in order to insure that the plaintiff received her agreed share of the marital estate.

2. *Order for payment.* The defendant argues that the judge had no power under G. L. c. 231A to make an order for payment of money. The defendant's argument fails.

While the defendant is correct that the purpose of the action for declaratory relief was to declare the rights of the parties under the separation agreement, the Probate Court was empowered to enter an order for payment of monies due pursuant to its determination of the parties' rights under the separation agreement. See *Trustees of Dartmouth College* v. *Quincy,* 331 Mass. 219, 227-228 (1954) (it was within the scope of the petition for declaratory relief to order the payment of monies the judge found due).

In any event, under G. L. c. 231A, § 5, further relief based on a declaratory judgment may be granted whenever necessary or proper to carry out the determination of rights of the parties. A separate complaint is not necessary where the court that hears the complaint for declaratory relief has jurisdiction to grant further relief. *Essex Co.* v. *Goldman,* 357 Mass. 427, 434 (1970). *Goldberg* v. *Goldberg,* 7 Mass. App. Ct. 831, 836 (1979).

3. *Complaint for contempt.* The defendant argues that the doctrine of res judicata bars this declaratory judgment action because, in a prior proceeding, a judge of the Probate Court had dismissed with prejudice the plaintiff's complaint for contempt based on the defendant's failure to comply with the QDRO. The plaintiff's complaint for contempt sought compliance with the parties' QDRO, which required payment of fifty per cent of the defendant's military pension to the plaintiff. The parties have not furnished us with a copy of the transcript of the hearing on

other jurisdictions have reached the same or a similar result. See *Abernethy* v. *Fishkin,* 699 So. 2d 235, 239-240 (Fla. 1997); *McHugh* v. *McHugh,* 124 Idaho 543, 545 (Ct. App. 1993); *Dexter* v. *Dexter,* 105 Md. App. 678, 684-686 (1995); *Strassner* v. *Strassner,* 895 S.W.2d 614, 616, 618 (Mo. Ct. App. 1995); *Owen* v. *Owen,* 14 Va. App. 623, 628-629 (1992); *In re Marriage of Jennings,* 138 Wash. 2d 612, 625-627 (1999). But see *Clauson* v. *Clauson,* 831 P.2d 1257, 1262-1263 (Ala. 1992); *In the Matter of the Marriage of Pierce,* 26 Kan. App. 2d 236, 240-242 (1999).

the complaint for contempt or submitted the judge's findings or rationale for its dismissal. Thus, we do not know the basis for the judge's decision. Absent this knowledge, we are unable based on the record before us to determine whether the adjudication of the prior complaint for contempt constitutes a bar to this action.[4]

4. *Attorney's fees.* The defendant argues that the judge erred in awarding the plaintiff attorney's fees under G. L. c. 208, § 38, because this action was not a proceeding commenced under G. L. c. 208. We need not decide whether the judge had the authority to award attorney's fees under § 38 because the parties' separation agreement provided that, in the event a party should breach the separation agreement, the other party was entitled to recover the costs incurred in enforcing the agreement. The judge did not err in making the award.

In sum, the judgment is affirmed, as modified herein, to include a declaration that the plaintiff is entitled to receive from the defendant, pursuant to the parties' separation agreement, a sum of money per month equivalent to fifty per cent of the monthly military retirement pay that the defendant would receive if his military retirement pay were not reduced by the disability payments minus the monthly military retirement pay the plaintiff receives directly from the Department of Defense. The order granting the plaintiff's motion for the payment of attorney's fees to defend on appeal is also affirmed.

*So ordered.*

---

[4]In any event, we note that, in order for the plaintiff to have prevailed on her complaint for contempt, she needed to show that there was a clear and unequivocal order for the payment of fifty per cent of the military retirement pay in the amount the plaintiff claimed and a clear and unequivocal disobedience of that order. *Larson* v. *Larson*, 28 Mass. App. Ct. 338, 340 (1990). In light of the differing interpretations of the rights of the parties under the settlement agreement on that issue, it is unlikely that the plaintiff could have met her burden of proof until that issue was resolved in this proceeding.