NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1118

SCOTT E. SQUILLACE, trustee,[1]

vs.

MERRIAGNES M. ASHLEY & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Carol Ann Filardo, appeals from a judgment of dismissal on a complaint for contempt filed by the plaintiff, Scott E. Squillace, trustee (trustee) of the Administrative Trust of the Mario R. Filardo 2003 Trust (trust).  The complaint alleged that Carol[3] failed to pay a sum certain to the trust in accordance with a stipulation that was incorporated and merged in a judgment.  Notwithstanding the finding of no contempt, the judge ordered the trustee to offset the monies owed by Carol against her interest in the trust, with any deficiency to be paid by her within sixty days.  On Carol's appeal, we affirm.

---

[1] Of the Administrative Trust of the Mario R. Filardo 2003 Trust, as amended.
[2] Marco A. Filardo and Carol Ann Filardo.
[3] Because many parties share a surname, we use first names to avoid confusion.

Background.  In 2017 the trustee filed a complaint for instructions in the Probate and Family Court seeking guidance on issues relating to the trust.  The litigation resulted in a stipulation of the parties that was incorporated and merged in a judgment in June 2018.  As relevant here, the four parties[4] agreed to pay one-quarter of the fees, costs, and expenses incurred by the trust and Mario's estate as of June 13, 2018.  The judgment provided that Carol's repayment obligation was to be "allocated to the respective trust share and/or paid in cash."  As of May 2021, the trust lacked sufficient liquid assets, and therefore Carol's repayment obligation could not be offset against her ultimate share of the trust.[5]  As a result, the trustee sought a cash payment from Carol.  When Carol did not pay, the trustee filed a complaint for contempt.  After hearing arguments on Carol's motion to dismiss, the judge allowed the motion concluding that there was not clear and convincing evidence that Carol disobeyed a clear and unequivocal order.  Nonetheless, the judge ordered the trustee to offset Carol's repayment obligation against her share in the trust, and

_____

[4] The parties included Carol, Marco (Mario and Carol's son), Merriagnes M. Ashley, and Waterfront Travel Services (WTS).  The judge allowed an oral motion to add WTS as a party.
[5] The trust has not yet been wound down due to ongoing litigation.  As a result, there is no final accounting and therefore no "offset" of Carol's share of the repayment obligation.

2

that any deficiency be paid by Carol within sixty days. This appeal followed.

Discussion. We review a judge's decision on a complaint for contempt for an abuse of discretion. See Smith v. Smith, 93 Mass. App. Ct. 361, 363 (2018). In a civil contempt proceeding, the plaintiff has the burden of proving, by clear and convincing evidence, "two elements: . . . (1) clear disobedience of (2) a clear and unequivocal command." Id. Here, the judge concluded that Carol was not guilty of civil contempt because the stipulation provided that Carol's repayment obligation could be allocated against her share of the trust "and/or" be paid in cash. The judge reasoned that where the "parties agree[d] to alternative methods of payment, and [Carol] select[ed] one of the alternatives," there is no contempt.[6]

Notwithstanding her finding of no contempt, the judge did not err in ordering the trustee to offset Carol's repayment obligation against her share of the trust with any deficiency to be paid by Carol in sixty days.[7] This is because the "Probate Court [is] empowered to enter an order for payment of monies due

---

[6] To the extent that the trustee contends that this ruling was in error, the trustee did not cross-appeal, and, in any event, the judge's ruling is supported by the plain language of the stipulation.

[7] The judge accepted Carol's representation that her assets were insufficient to make a cash payment of her obligation. This is not an issue on appeal.

3

pursuant to its determination of the parties' rights under" the stipulation. Colorio v. Marx, 72 Mass. App. Ct. 382, 389 (2008), quoting Krapf v. Krapf, 55 Mass. App. Ct. 485, 491 (2002). Ordering Carol to pay the monies she agreed to pay in the 2018 stipulation did nothing more than "enforce[] the parties' . . . agreement in order to insure that the [trust] received" the payment. Colorio, supra, quoting Krapf, supra.

The judge's inclusion of a deadline for payment was also not error. Because the stipulation did not contain a time frame for compliance, it was proper to infer that a reasonable time for compliance was intended by the parties. See Dalrymple v. Winthrop, 97 Mass. App. Ct. 547, 555 (2020) (if contract fails to specify time to perform contractual obligation, judge may infer parties intended reasonable date provided it does not change essence of contract). Where four years had passed since entry of the judgment, the judge did not err or abuse her discretion in determining that sixty days after dismissal of the contempt complaint was a reasonable time for Carol to comply.

To the extent that Carol argues that the judge's order requires her to pay her obligation twice, we are not persuaded. Whether as a setoff against her share of the trust, a cash payment, or a combination thereof, Carol's obligation under the terms of the judgment is limited to the amount set forth in the 2018 stipulation. The judge merely clarified Carol's repayment

4

obligation to add a time for compliance; she did not alter the amount of Carol's obligation in any way. Carol's claim that she is being charged twice is unfounded. And Carol's claim that she was "at peril of incurring an additional obligation to pay for expenses incurred after June 13, 2018," is not borne out by the record as the judgment covers the period ending June 13, 2018.

Finally, Carol's due process argument is misplaced as the complaint for contempt put her on notice that the trust was seeking payment of the amount set forth in the stipulation, and nothing more. See Sodones v. Sodones, 366 Mass. 121, 127 (1974).[8]

Judgment and order on
    complaint for contempt
    dated April 27, 2022,
    affirmed.

By the Court (Blake,
    Massing & Hand, JJ.[9]),

*Joseph F. Stanton*

Clerk

Entered:  November 3, 2023.

---

[8] The trustee's request for appellate attorney's fees and costs is denied.

[9] The panelists are listed in order of seniority.