ANNETTE S. FRIED *vs.* ALBERT A. FRIED.

Berkshire.    September 12, 1977. — November 2, 1977.

Present: HALE, C.J., ARMSTRONG, & BROWN, JJ.

*Contract,* Interpretation.    *Divorce,* Modification of support order.

Under a provision in a separation agreement that the "[h]usband shall
pay for children's expenses in excess of support payments for their
attending college," the husband was obligated to pay only that por-
tion of each child's college expenses which exceeded the annual
total of the weekly support payments which he paid to his former
wife on that child's behalf. [662-665]

PETITION for contempt filed in the Probate Court for the
county of Berkshire on November 7, 1974.
    The case was heard by *Nuciforo,* J.
    *Daniel A. Ford* for Albert A. Fried.
    *Joel S. Greenberg* for Annette S. Fried.

HALE, C.J.    This is an appeal from a decree entered on
a petition for contempt instituted by Annette S. Fried
(wife) against her former husband, Albert A. Fried (hus-
band), because of his alleged nonpayment of child support
ordered under a divorce decree entered in 1972, which de-
cree incorporated a separation agreement between the par-
ties. After a hearing a probate judge found that although the
husband was not in contempt of court he had not fulfilled
his child support obligations under the parties' separation
agreement. The judge entered a decree reducing the hus-
band's support payments and ordering that he pay his
former wife certain arrearages and counsel fees. The hus-
band appeals from that decree, contending that the judge's
construction of the separation agreement was erroneous.
The case is before us on a statement of proceedings and

evidence settled by the court pursuant to Mass.R.A.P. 8 (c), 365 Mass. 850 (1974).[1]

The husband's responsibility for the continuing support of his children was detailed largely in clauses 5 (child support clause) and 6 (college expenses clause) of the separation agreement. The only issue argued to us is the interpretation of those clauses. In the child support clause the husband agreed to pay the sum of thirty-five dollars a week to his wife for the support of each of their three children. Payments for each child were expected to continue until that child reached the age of twenty-one. In the college expenses clause the husband agreed to pay for his children's college expenses in excess of support payments made on their behalf.[2]

In 1974 the couple's eldest daughter began her college education. At that time the husband fully paid his daughter's college tuition and housing costs. He also paid his daughter a monthly allowance for her living expenses while at school. Reasoning that these expenditures satisfied his support obligation for this child, the husband reduced the weekly support payment to his wife by thirty-five dollars. The wife then instituted contempt proceedings, giving rise to this appeal.

At the hearing on the contempt petition the husband argued that under the terms of the separation agreement he had been obligated to pay only that portion of his daughter's college expenses which was "in excess of" the sum total of his normal weekly support payments on her

---

[1] The decree was dated January 20, 1975, and the appeal was entered in this court on July 15, 1976.

[2] The complete text of the two clauses is as follows: "5. Husband will pay to the Wife the sum of $35.00 per week for the support of each of the said minor children, which payment shall continue until each child reaches age twenty-one, is self supporting, is married, or shall die, whichever occurs sooner. In addition thereto and exclusive of said weekly support payments, the sum of $767.00 shall be paid to the Wife for the support of said children on April 15th of each year. 6. Husband shall pay for children's expenses in excess of support payments for their attending college; provided, however, that he shall have equal control with the Wife over choices of school and curriculum."

behalf. He felt that since his full payment of the college expenses had exceeded that which was required under the terms of the agreement, he had been justified in discontinuing payment to his wife of support for that child.

The probate judge rejected the husband's interpretation of the language of the separation agreement. The judge ruled that under the terms of the agreement the husband was bound to make full payment of his children's college expenses in addition to making the weekly support payments of thirty-five dollars for each child. By this interpretation the husband was in arrears on his total support obligation; nevertheless the judge ruled that the arrearage had not come about through wilful disobedience of the court's order but through misunderstanding. The judge then sua sponte reduced the amount of the husband's past and future support payments for his daughter and assessed arrearages accordingly. He ordered that while the husband makes full payment of his daughter's college expenses, he must pay for support of that child the amount of twenty dollars a week during the school year and thirty-five dollars a week during her vacations and other nonacademic periods.

The college expenses clause in the separation agreement states that "Husband shall pay for children's expenses in excess of support payments for their attending college . . .." Neither party challenges the probate judge's finding that this language is plain and unambiguous, yet the parties disagree as to the effect which the phrase "in excess of support payments" has on the meaning of the clause. It is only this phrase that the parties seek to have construed. The husband argues that this language was intended to define his responsibility for only that portion of the college expenses which exceeds the annual total of his weekly support payments. The wife argues that this language was intended to convey the husband's responsibility for the entire amount of college expenses in addition to his payment of weekly support.

The interpretation of unambiguous language in a written contract is a question of law for the court to decide. See,

Fried v. Fried.

e.g., *Sparks* v. *Microwave Associates, Inc.* 359 Mass. 597, 600 (1971). If the words of a contract are plain and free from ambiguity, then they must be construed in accordance with their ordinary and usual sense. *Ober* v. *National Cas. Co.,* 318 Mass. 27, 30 (1945). *Beal* v. *Stimpson Terminal Co.,* 1 Mass. App. Ct. 656, 659 (1974). Webster's Third New International Dictionary 792 (1971) defines the phrase "in excess of" as meaning "to an amount or degree beyond." The word "excess" is defined in Webster's as "the amount or degree by which one thing or number exceeds another."

We find that the phrase "in excess of support payments," as employed by the parties, was intended to modify the amount of college-related expenses for which the husband is responsible, rather than to provide his payment of the entire amount of college expenses as separate and independent from his payment of weekly support. We therefore conclude that under the terms of this agreement the husband is obligated each year to pay only that portion of each child's college expenses which exceeds the annual total of the weekly support payments which he pays to his former wife on that child's behalf.

We base our construction of the college expenses clause on both the intentional choice[3] and placement[4] of language

---

[3] If the parties intended the husband's payment of college expenses to be in addition to his payment of weekly support, then they could reasonably have been expected to use language which was indicative of that result. For example, the child support clause of the separation agreement provides that the husband must make both weekly and annual payments to his wife. When the parties wished to distinguish between these payments, they stated that the annual payment was to be "[i]n addition thereto and exclusive of" the weekly payments. The intent of the parties to a contract must be determined from a fair construction of the contract as a whole. *Avant, Inc.* v. *Tech Ridge, Inc.,* 4 Mass. App. Ct. 568, 573-574 (1976). The construction of words in a carefully drawn document may be affected by the varied use of words in another part of the document. *Watts* v. *Bruce,* 245 Mass. 531, 532 (1923).

[4] The wife in effect argues that the college expenses clause was intended to convey that in excess of his payment of weekly support, the husband must pay for all of his children's college expenses. We might have reached this construction had the parties set the modifying phrase apart from the remainder of the clause by commas (i.e., "6. Husband shall pay for children's expenses, in excess of support pay-

by the parties. The separation agreement in this case is a carefully drawn document which incorporates the results of a negotiated settlement between the parties.[5] Justice, common sense and the probable intent of the parties are guides in the court's construction of written instruments. *Stop & Shop, Inc.* v. *Ganem,* 347 Mass. 697, 701 (1964). It is inferable that the language of the college expenses clause was intended by the parties to place the total of their children's college expenses as the maximum limitation on the amount of the husband's child support contributions in any year.

The probate judge correctly determined that the separation agreement required the husband to pay weekly support directly to his wife in the amount of thirty-five dollars for his eldest child. The judge was also correct in his finding that although the husband was not in contemptuous disregard of the support order, he was not justified under the terms of the agreement in discontinuing the payment of weekly support because of his direct payment of the college expenses. However, his sua sponte revision of the support order cannot stand as it does not appear that there was any evidence upon which such an order could have been based.

Our decision leaves the parties in the position of having to determine a proper allocation of their payment of their children's college expenses and what expenses are included within that term. We need not decide how the parties should accomplish this. As both parties apparently expected and desired that their children would attend college, we hope that they can agree on an appropriate solution to this problem. If they cannot, a declaration of their unresolved rights and responsibilities under the agreement may

---

ments, for their attending college;"). However, the parties chose not to distinguish the modifying phrase in this manner, and we must interpret the clause as it is, not as it might have been.

[5] We were informed by counsel at oral argument that they had represented the parties at the time of the preparation of the separation agreement and that they had drafted it.

be sought in another proceeding in the Probate Court.[6] Any arrearage may also be determined by agreement or in such a proceeding.

The decree of the Probate Court is reversed, and a new judgment is to be entered dismissing the petition. We leave the question of counsel fees in these proceedings to the Probate Court.

*So ordered.*

---

[6] The same is true of any suggested modification of the support order, should either party desire to pursue the matter in the light of the interpretation we give to the original support order. However, we do not intimate that any such modification may be warranted in the absence of a change in the parties' circumstances. *Robbins* v. *Robbins,* 343 Mass. 247, 249 (1961). *Mead* v. *Mead,* 2 Mass. App. Ct. 338, 339-340 (1974).