ROBERTA S. BINDER *vs.* EUGENE N. BINDER. February 7, 1980. Following our reversal of the judgment entered in the Probate Court in this case, reported in 7 Mass. App. Ct. 751 (1979), the trial judge entered a reservation and report, purportedly pursuant to G. L. c. 215, § 13, raising a question not expressly argued in the earlier appeal: namely, whether a judgment ordering the payment of alimony may be modified in the context of a contempt proceeding in the absence of a showing of changed circumstances such as have repeatedly been held requisite for modification of an alimony judgment in the context of a proceeding for modification commenced under G. L. c. 208, § 37. 1. To speed the future course of this case, we answer that question in the negative, adhering to the view of this court on the same point in a recent case, *Pemberton* v. *Pemberton,* ante 9, 12-13 (1980). The same view is implicit in *Fried* v. *Fried,* 5 Mass. App. Ct. 660, 664, 665 n.6 (1977). Where there has been no change of circumstances other than an accumulation of arrearages, an inability to pay both the arrearages and the ongoing alimony obligation can be mitigated by a judgment deferring payments on the arrearages under the alimony judgment rather than reducing the alimony obligation fixed by the earlier judgment. General Laws c. 215, § 345B, inserted by St. 1977, c. 973 (after entry of the Probate Court's modification judgment), while specifying that a probate judge should (in certain circumstances not here obtaining) review, and "may modify or terminate," the underlying alimony order, must in the absence of language to the contrary be read as incorporating the standards for modification or termination established in preexisting case law. 2. The report itself is not properly before us. No further evidence has been received in this case after remand to the Probate

Court; no order or ruling has been made; and no question of law has arisen which was not implicit in the original judgment. In these circumstances G. L. c. 215, § 13, confers no authority to report the case to this court for what amounts, in essence, to reconsideration of the case on a point not argued in the course of the appeal.

*Report dismissed*

*Larry C. Kenna* for the plaintiff.
*Murray P. Reiser* for the defendant.