DONNA COLORIO *vs.* FRANZ H. MARX.

No. 07-P-1211.

Worcester. June 13, 2008. - August 18, 2008. ·

Present: GELINAS, DREBEN, & MILLS, JJ.

*Divorce and Separation,* Separation agreement, Division of property. *Contempt.*
  *Probate Court,* Divorce, Notice.

In an action styled as one for contempt arising from a judgment of divorce
  nisi, the Probate and Family Court judge did not err in interpreting a
  separation agreement that had been incorporated into, but not merged with,
  the divorce judgment, where the complaint, despite being labeled as one
  for contempt, constituted a motion for a clarification of the judgment, and
  where the husband had ample notice that the issue raised in the complaint
  involved a determination whether his or the wife's interpretation of the
  separation agreement was the correct one. [384-386]
In an action for clarification of a judgment of divorce nisi, the Probate and
  Family Court judge reached the correct conclusion that the husband owed
  the wife monies under a separation agreement that had been incorporated
  into, but not merged with, the divorce judgment, where the agreement
  unambiguously stated that the husband was entitled to deduct from the sale
  of two properties only those claims, debts, or other expenses related to the
  properties that accrued prior to a specific date, and therefore, the husband
  could not deduct the entirety of a mortgage debt that had not accrued by
  that date. [386-389]

COMPLAINT for divorce filed in the Worcester Division of the
Probate and Family Court Department on January 16, 2002.

A complaint for contempt, filed on July 14, 2005, was heard
by *Ronald W. King,* J.

*Gregory A. Hession* for the defendant.

*Christine D. Anthony* for the plaintiff.

GELINAS, J. We consider in this appeal whether a Probate and
Family Court judge had authority to interpret a separation agree-
ment, and to order payment according to that interpretation,
even though the interpretation and the order resulted from a
hearing on a complaint for contempt, where the judge found no

contempt. We conclude that both the interpretation and the order were appropriate.

The husband appeals[1,2] from the judgment entered on the wife's complaint for contempt. While the judge found the husband not guilty of contempt, he interpreted the separation agreement in a way favorable to the wife, and ordered the husband to pay the wife the amount due according to that interpretation, $96,000, within thirty days of the entry of judgment, imposing an interest penalty at the rate of twelve per cent per annum on amounts unpaid after thirty days.[3,4] We affirm.

We summarize the judge's findings of fact, reserving further detail for our discussion of the issues. The parties were divorced on September 14, 2004. They executed a separation agreement that was incorporated, but not merged, into the judgment of divorce. At the time of the divorce, the parties owned two pieces

---

[1]The husband also purports to appeal from the trial judge's denial of his motion for a stay of the judgment. The husband did not file a notice of appeal from that denial, and thus, the appeal is not before this court. We note that a decision on a request for a stay rests in the discretion of the trial judge. See Mass.R.Dom.Rel.P. 62(g) (1992).

[2]At the conclusion of his brief, the husband requests that the judge's order, awarding attorney's fees to the wife in order to defend the appeal, be vacated. The request is not properly before us, as there is nothing on the docket to show that the husband appealed from this order. Further, his one-sentence request does not constitute proper appellate argument. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

[3]The judgment provided, in part: "The Defendant is not guilty of contempt as the language of the separation agreement is confusing. However, he will pay the Plaintiff the remaining monies he owes under Article VI, Clause A, paragraph two. The figure was $124,000.00, he has paid her $24,000.00. The remaining $100,000.00 will be reduced by the utility bill and the credit card bill or her share of those which is $4,000.00."

[4]The husband complains that the judge issued his findings of fact nearly seven months after he filed his notice of appeal. However, "if after issuing orders, but before the record has been assembled and the appeal has been docketed in an appellate court, the judge sua sponte makes written findings of fact, these should be included as part of the record on appeal." *Ruml* v. *Ruml,* 50 Mass. App. Ct. 500, 503 n.5 (2000). Here, the findings were issued more than fifteen months prior to the entry of the notice of assembly of the record in the trial court and the entry of the appeal in this court.

As for the husband's claim that the judge improperly adopted the wife's proposed findings, leaving aside the fact that the husband failed to submit any proposed findings, we conclude that the findings are supported. See *Cormier* v. *Carty,* 381 Mass. 234, 237-238 (1980).

of property, both of which were held in the wife's name, and constituted ninety percent of the marital estate. The equity in the properties was $389,000. The agreement provided that the husband would pay the wife $124,000 to buy out her interest in the two properties, subject to deduction of one-half of certain expenses accrued prior to May 1, 2001. Upon transfer the husband would become sole owner, and would assume all further liabilities and expenses.[5,6] Upon signing the agreement, the wife transferred the properties to the husband.

The husband later transferred one of the properties, with equity of $225,000 and no mortgage, to a third party for $100. He sold the other property, valued at $330,000 and subject to a mortgage of $166,000, and paid the wife $24,653.18, deducting $83,000, or one-half the mortgage due, and approximately $4,140 in expenses due at May 1, 2001, from the agreed settlement price of $124,000. He did so on the theory that, pursuant to the agreement, half of the mortgage on the second piece of real estate was a "debt" to be deducted from the $124,000 payable to the wife. The wife then filed a complaint for contempt, contending that the mortgage "debt" was factored into the settlement and claiming that the husband was in contempt for not paying the full amount. The judge determined that the agreement was ambiguous, and that extrinsic evidence was appropriate to a determination of the parties' intent. The judge then issued the judgment set out in the margin above.

We first consider the husband's argument that, given he was found to be not in contempt, the judge erred in proceeding to interpret the agreement, that he modified the agreement, and that he was in error when he issued an order for payment. The husband contends that in so doing, the judge erroneously provided a remedy

[5]The agreement provided in relevant part: "The two properties shall become the sole property of the Husband. The Husband shall be solely responsible for any and all expenses as they relate to both properties, including mortgage (P.I.T.), utilities, maintenance and the like. Except as specifically provided herein, the Husband shall be solely responsible for any and all legal claims that arise out of either property on or after May 1, 2001. Any claims, debts, or other expenses related to the properties accruing prior to May 1, 2001 shall be the joint obligation of the parties and they shall each share equally in the payment thereof." We take it that "P.I.T." refers to principal, interest and taxes.

[6]The agreement also provided that the husband would pay $100 per week as child support. It did not provide alimony to the wife.

to the wife, and deprived the husband of the right to be heard on the issue, as no motion for clarification, for a declaration of rights, or for modification was either before the judge or served on the husband. We disagree.

Although styled as an action for contempt, the wife's complaint constituted a motion for a clarification of a judgment, through which she sought a declaration of the parties' rights and obligations under the separation agreement as incorporated, but not merged, into the divorce judgment. In effect, she sought a declaration that one-half the mortgage was not to be deducted from the settlement, since the mortgage had been taken into account in arriving at the $124,000 figure, and that the husband's interpretation of the agreement was in error.

By his interpretation of the agreement, the trial judge implicitly treated the complaint as a motion for clarification. "[T]he label attached to a pleading or motion is far less important than its substance." *Lambley* v. *Kameny*, 43 Mass. App. Ct. 277, 280 (1997). "Courts may determine whether and under what section relief might be granted; the label attached to the motion is not dispositive." *Honer* v. *Wisniewski*, 48 Mass. App. Ct. 291, 294 (1999). See *King* v. *Allen*, 9 Mass. App. Ct. 821, 821 (1980) (motion brought under Mass.R.Civ.P. 59[e], 365 Mass. 828 [1974], susceptible of treatment as motion for relief from judgment under Mass.R.Civ.P. 60[b][6], 365 Mass. 828 [1974]); *Bowers* v. *Board of Appeals of Marshfield*, 16 Mass. App. Ct. 29, 33, 35 (1983) (moving party's failure to classify motion as rule 60[b][6] motion not dispositive; relief appropriate under that rule). Rather than submit to a "tyranny of labels," *South County Sand & Gravel Co.* v. *South Kingstown*, 160 F.3d 834, 836 (1st Cir. 1998), we determine the nature of the trial judge's decision from its substance as opposed to its heading. See *Hennessey* v. *Sarkis*, 54 Mass. App. Ct. 152, 154-156 (2002) (giving effect to substance over form in construing lower court's restraining order as being temporary as opposed to permanent). Cf. *In re Power Recovery Sys., Inc.*, 950 F.2d 798, 802 (1st Cir. 1991) ("In deciding whether a proceeding before a lower court involves civil or criminal contempt, we are required to look to the purpose and character of the sanctions imposed, rather than to the label given to the proceeding by the court below").

Under the Massachusetts practice of notice pleading, "there is no requirement that a complaint state the correct substantive theory of the case." *Gallant* v. *Worcester*, 383 Mass. 707, 709 (1981). A complaint must, however, contain "a short and plain statement of the claim," Mass.R.Civ.P. 8(a)(1), 365 Mass. 749 (1974), which affords fair notice to the defendant of the basis and nature of the action against him. See *Clark* v. *Greenhalge*, 411 Mass. 410, 413 n.6 (1991); *Ciccone* v. *Smith*, 3 Mass. App. Ct. 733, 734 (1975). Here, the wife's complaint, alleging that the husband had wrongfully failed to pay her the amount due under the agreement, set forth the essential facts and issues and was sufficient to give the husband notice of the nature of her complaint, that included the interpretation of the agreement. Under the facts of this case, the husband was not deprived of his right to be heard simply because the motion was styled one for contempt. He had ample notice that the issue raised in the complaint involved a determination whether his, or the wife's, interpretation of the agreement with respect to deductions from the agreed settlement amount was the correct one. In any event, a determination whether the husband was in contempt would require the judge, in part, to determine the tenor of the separation agreement, in light of the husband's claim that a reading of the agreement provided for the deduction of the mortgage debt.

The interpretation of the separation agreement is a question of law, and is therefore "afforded plenary review." *Judge Rotenberg Educ. Center, Inc.* v. *Commissioner of the Dept. of Mental Retardation (No. 1)*, 424 Mass. 430, 443 (1997). For reasons slightly different than those of the trial judge, we think there was no error in his interpretation of the agreement.

Relying on the language in the agreement that "[a]ny claims, debts, or other expenses related to the properties accruing prior to May 1, 2001, shall be the joint obligation of the parties and they shall share equally in the payment thereof" and the language that "[t]he Husband shall pay the Wife, One hundred and twenty four thousand ($124,000.00) dollars as a buyout of the Wife's interest in both properties, subject to any adjustments as provided in this agreement," the husband argues that the words of the agreement were clear and unambiguous and dictated that the parties share the responsibility for the mortgage on one of the

properties and that the judge modified the agreement by deciding otherwise. We disagree.

Perceiving an ambiguity in the language of the agreement, the judge merely interpreted the agreement in light of the case law. His memorandum of decision indicates that he was well aware of the following settled law: "Extrinsic evidence bearing upon the background and purpose of the parties as well as their understanding of the meaning of particular language used in the contract, may be considered . . . in the construction of ambiguous contract language. . . . *Parrish* v. *Parrish*, 30 Mass. App. Ct. 78, 86 (1991), quoting from *USM Corp.* v. *Arthur D. Little Sys., Inc.*, 28 Mass. App. Ct. 108, 116 (1989). "Where contract language employed by the parties leaves their obligations . . . in doubt, the court will place itself in the position occupied by the parties and 'will examine the subject matter of the agreement and the language employed, and will attempt to ascertain the objective sought to be accomplished by the parties.' " *Cabot* v. *Cabot*, 55 Mass. App. Ct. 756, 761 (2002), quoting from *Parrish* v. *Parrish, supra.* "The intent of the parties must be gathered from a fair construction of the contract as a whole and not by special emphasis upon any one part." *Tompkins* v. *Tompkins*, 65 Mass. App. 487, 494 (2006), quoting from *MacDonald* v. *Hawker*, 11 Mass. App. Ct. 869, 873 (1981).

The judge, who earlier presided over the parties' divorce hearing, applied this law to the facts of the case. He wrote that at the divorce hearing the husband's counsel confirmed the representation of the wife's counsel, that the husband would buy out the wife's interest in the two properties for $124,000. He went on:

> "The clear intent of the parties was that the mortgage was to be deducted prior to arriving at the figure of $124,000.00, and that the only 'adjustments' to be made were those listed on the sheet at the end of the parties' Agreement. This Court would not have approved a Separation Agreement which would provide for the Wife to receive $24,000 as a division of marital estate, or 16.2% of the value of the real estate, while the Husband would receive $365,000.00, or 83.8% of the marital estate. Such an Agreement would not be fair and reasonable under the circumstances of the parties."

While the judge here achieved a correct result through this analysis, we think a close reading of the language of the agreement reveals without ambiguity that the wife's interpretation is correct. We decide interpretation of unambiguous language in a written contract as question of law. See *Sparks* v. *Microwave Assocs., Inc.,* 359 Mass. 597, 600 (1971). "If the words of a contract are plain and free from ambiguity, then they must be construed in accordance with their ordinary and usual sense." *Fried* v. *Fried,* 5 Mass. App. Ct. 660, 663 (1977). The mere fact that the parties disagree with respect to the interpretation of the agreement does not make the agreement ambiguous. *Jefferson Ins. Co.* v. *Holyoke,* 23 Mass. App. Ct. 472, 475 (1987).

The plaintiff argues in his brief that he was entitled to deduct all "claims, debts, or other expenses related to that property *arising* before May 1, 2001, from the $124,000" (emphasis supplied). The language of the agreement is otherwise. Only those "claims, debts, or other expenses related to the properties *accruing* prior to May 1, 2001" (emphasis supplied) are to be deducted. While the entire mortgage debt may well have arisen prior to the May 1 date, only that portion of the mortgage debt due by May 1, that is, any unpaid mortgage payment then currently due, could be deemed to have accrued as a legally enforceable debt. See Black's Law Dictionary 22 (8th ed. 2004) ("accrue" means "[t]o come into existence as an enforceable claim"); Webster's Third New Intl. Dictionary 13 (2002) (same). Nothing in the record before the trial judge, or before this court, suggests that the entire mortgage balance had accrued by the date in question; the debt rather remained as an inchoate or incipient liability, whose accrual, in discrete required payments or in whole upon the happening of some breach of condition, would not occur until after the May 1 date. Further, this reading of the language of the agreement is consistent with the language just prior to that quoted, that "[t]he Husband shall become solely responsible for all expenses as they relate to both properties, including mortgage . . . ." This reading also allows for the mention of the mortgage in the schedule of expenses attached to the agreement for which the husband was to be responsible. In addition, nowhere in the list of monies which the wife was to pay is there any mention of the mortgage. We conclude that a fair reading of the agreement

would not support the husband's interpretation, nor raise a question as to the agreement's meaning such that reasonable minds might differ. See *Fried* v. *Fried, supra* at 662-663; *Suffolk Constr. Co.* v. *Lanco Scaffolding Co.,* 47 Mass. App. Ct. 726, 729 (1999).

We note that, as the wife did not cross appeal from the finding that the husband was not in contempt, we do not reach the question whether the judge, in the circumstances present here, was correct in that ruling.

Nor do we think it error for the judge, as argued by the husband, to have entered an order for payment. "[T]he Probate Court [is] empowered to enter an order for payment of monies due pursuant to its determination of the parties' rights under the separation agreement." *Krapf* v. *Krapf,* 55 Mass. App. Ct. 485, 491 (2002), *S.C.,* 439 Mass. 97 (2003). Here, as in *Krapf, supra,* "[t]he judge's order simply enforced the parties' separation agreement in order to insure that the plaintiff received her agreed share of the marital estate."

The wife has made a proper request for attorney's fees and costs, which we allow. See *Fabre* v. *Walton,* 441 Mass. 9, 10 (2004). Within twenty days of the issuance of the rescript in this case, the wife may file with this court a petition for appellate attorney's fees and costs of appeal in accordance with the procedure described in *Yorke Mgmt.* v. *Castro,* 406 Mass. 17, 20 (1989). The petition shall recite any amounts paid pursuant to the motion in the Probate and Family Court awarding the wife attorney's fees to prosecute the appeal, which shall be counted as a credit toward the fees awarded by this court. The husband shall have ten days thereafter to file a response.

*Judgment affirmed.*