Dierdre K. Harrington (wife), the former wife of Robert M. Harrington (husband), appeals from contempt judgments issued by a judge of the Probate and Family Court. We affirm.
Background. In November of 1992, the parties executed a separation agreement that was incorporated into a judgment of divorce nisi. The separation agreement provided, in relevant part, that the parties would continue to jointly own the former marital home; however, the wife would have exclusive use and occupancy of the property and be solely responsible for the "mortgage principal, interest, taxes, insurance and ... repairs costing [up to] $500," while "[r]epairs costing more than $500 [would] be shared equally" by the parties. The parties agreed to continue this arrangement until the emancipation of the parties' last child, at which time they would "place the property for sale at an agreed upon price" and divide the net sales proceeds equally.
On April 9, 2013, the husband filed a complaint for contempt alleging that the wife had failed to pay certain expenses on the former marital home as required by the separation agreement. The judge ordered the wife to provide the court with a "written accounting" of all repairs made to the marital home, including the date, provider, and cost for each repair, with a copy of the bills for such repairs. Thereafter, a different judge (contempt judge) found the wife in contempt for failing to "list the real estate for sale upon the [last] child's emancipation," and ordered that, "unless the house is listed for sale on or before Feb[ruary] 15, 2014, ... this court shall appoint a [s]pecial [m]aster at [the wife's] sole cost to sell the property on her behalf."
On April 2, 2014, the husband filed a motion requesting the appointment of a special master in light of the wife's failure to list the marital home for sale by February 15, 2014. Five days later, the husband filed a second complaint for contempt. On the same date, the wife filed a complaint for contempt, alleging that the husband had failed to reimburse her for several repairs made to the marital home exceeding $500. The three complaints were consolidated and tried before the contempt judge on May 6, 2014.
On May 23, 2014, the contempt judge issued two separate judgments. With respect to the husband, the contempt judge did not find him in contempt, reasoning that the wife had failed to "show by clear and convincing evidence that the [husband] willfully refused to" to reimburse the wife for repairs exceeding $500. Notwithstanding, she ordered the husband to reimburse the wife $5,557, representing one-half of the repairs that the judge deemed credible "based on the [wife']s testimony."[2] The contempt judge did not credit the wife's testimony as to certain other repairs. With respect to the wife, the contempt judge once again found her in contempt for failing to "reasonably cooperate in the listing of the marital home," and ordered the appointment of a special master to sell the property, at the wife's sole expense.
Discussion. As an initial matter, we note that our review has been hampered by the wife's failure to provide us with a complete appellate record, as several documents referenced in the wife's brief were not included in the record appendix, including two of the three complaints for contempt from which this appeal directly arises. The wife notes in her brief that the missing complaints for contempt, both dated April 7, 2014, "were absent from the [c]lerk's file and, therefore, could not be included in the [r]ecord [a]ppendix." However, the duty to provide a complete appellate record rests with the appellant, not with the clerk of the lower court. See Chokel v. Genzyme Corp., 449 Mass. 272, 279 (2007). "When a party fails to include a document in the record appendix, an appellate court is not required to look beyond that appendix to consider the missing document," and to the extent that the missing document sets forth a party's request for relief, we are not obligated to "consider whether the judge abused [her] discretion in denying" such relief. Ibid. Nonetheless, we address the arguments raised by the wife on appeal.
The wife principally challenges the contempt judge's refusal to credit the wife for certain repairs allegedly made to the marital home, and the order appointing a special master at the wife's sole expense.[3]
The home repairs. The wife contends that the contempt judge abused her discretion by erroneously concluding that the separation agreement required the wife to prove that she incurred an actual, out-of-pocket expense for each repair exceeding $500; that she improperly excluded documentary evidence of the repairs corroborating the wife's testimony; and erred by crediting some, but not all, of the alleged repairs, where they were based on the "same quantum of evidence."
A judge is "empowered to enter an order for payment of monies due pursuant to [her] determination of the parties' rights under the separation agreement." Colorio v. Marx, 72 Mass. App. Ct. 382, 389 (2008), quoting from Krapf v. Krapf, 55 Mass. App. Ct. 485, 491 (2002). Here, the separation agreement provided that "[r]epairs costing more than $500 shall be shared equally." A "fair reading" of the language of the separation agreement supports the judge's finding that any repairs resulting in an out-of-pocket expenditure by the wife of over $500 would require reimbursement from the husband, and we see nothing which might "raise a question as to the agreement's meaning such that reasonable minds might differ." Id. at 389, and cases cited.[4] Contrary to the wife's assertion, the contempt judge did not read a condition precedent into the separation agreement. Rather, the contempt judge determined that the wife had not met her burden of proof.[5]
The wife next claims that the contempt judge's failure to credit her testimony regarding the roof repair was a direct result of the judge's erroneous exclusion of corroborating documentary evidence submitted at trial. The documents were excluded because they had not been timely furnished to the husband's counsel prior to the start of the trial. Where a party "wilfully fails to obey an order to provide ... discovery," the judge may "refus[e] to allow the disobedient party to support designated claims ... or prohibit[ ] him from introducing the designated matters in evidence." Mass.R.Dom.Rel.P. 37(b)(2)(B). This decision "will not be disturbed on appeal absent a 'showing of prejudicial error resulting from an abuse of discretion.' " Resendes v. Boston Edison Co., 38 Mass. App. Ct. 344, 350 (1995), quoting from Solimene v. B. Grauel & Co., KG, 399 Mass. 790, 799 (1987).
There is nothing in the record demonstrating that the exclusion of the documents was prejudicial to the wife.[6] If anything, the husband would have been prejudiced by the admission of the documents, given that they were not produced until the start of the wife's direct examination at trial. We therefore discern no abuse of discretion in exclusion of the documents. See Kearns v. Ellis, 18 Mass. App. Ct. 923, 924-925 (1984).
We are similarly unpersuaded by the wife's argument that the contempt judge abused her discretion by crediting some, but not all, of the alleged repairs where they were "based on the same quantum of evidence," i.e., the wife's testimony. The contempt judge was not required to credit the wife's testimony as to every repair. See Baccanti v. Morton, 434 Mass. 787, 791 (2001). Moreover, to the extent that the wife's testimony regarding certain repairs was vague or contradictory, the contempt judge was entitled to "draw inferences adverse to [the wife] from th[ose] uncertainties." Crowe v. Fong, 45 Mass. App. Ct. 673, 679 (1998).[7] The contempt judge noted that the substantial passage of time had "hampered" her ability to "fairly assess" the veracity of the wife's claimed expenses.[8] Moreover, we cannot say that it was an abuse of discretion for the contempt judge to regard a substantial debt allegedly owed to a family member with greater skepticism than a debt owed to an unrelated third party.
Appointment of a special master. The wife's final challenge on appeal relates to the order, made pursuant to Mass.R.Dom.Rel.P. 70,[9] appointing a special master at the wife's sole expense for the purpose of selling the marital home. The wife claims this was an abuse of discretion because the contempt judge had vacated the prior January 9, 2014, order requiring the wife to list the marital home by February 15, 2014, and the wife had demonstrated her willingness to retain a real estate broker of the husband's choosing. There is nothing in the record appendix demonstrating that the contempt judge vacated the portion of the January 9, 2014, order setting a date certain for the wife to list the marital home for sale. Moreover, even if the contempt judge had vacated that particular deadline, the judge still found the wife in contempt on two separate occasions due to her "refusal to reasonably cooperate with the sale of the marital home" after the emancipation of the parties' youngest child.[10] The contempt judge was within her discretion to appoint a special master as a contempt sanction designed to secure the husband's rights under the separation agreement to his share of the home's sale proceeds. See Judge Rotenberg Educ. Center, Inc. v. Commissioner of the Dept. of Mental Retardation (No. 1), 424 Mass. 430, 461 (1997), quoting from United Factory Outlet, Inc. v. Jay's Stores, Inc., 361 Mass. 35, 36 (1972) ("[C]ontempt sanctions are an appropriate mechanism by which 'the power of the court [can] secure to the aggrieved party the benefit of the decree' ").[11]
Conclusion. The judgments and the order dated May 23, 2014, are affirmed.
So ordered.
Affirmed.

The contempt judge found that "[a]lthough the [husband] admitted that he had made no contribution towards home repairs since 1996 other than one half of the $750 septic-related expense, the [wife] failed to show by clear and convincing evidence that the [husband] willfully refused to obey" the judgment of divorce, as the wife "presented no corroborating evidence supporting her claims that the [husband] was notified of various expenses related to repairs costing more than $500." The contempt judge found that "it is equitable under all of the circumstances ... that the [husband] be ordered to reimburse the [wife] for one-half of the repair expenses costing more than $500 which this court could credit based on the [wife']s testimony."

We review the "judge's ultimate conclusion on the contempt finding ... under the abuse of discretion standard." K.A. v. T.R., 86 Mass. App. Ct. 554, 567 (2014). "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision, ... such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

"The interpretation of the separation agreement is a question of law, and is therefore 'afforded plenary review.' " Colorio v. Marx, 72 Mass. App. Ct. at 386, quoting from Judge Rotenberg Educ. Center, Inc. v. Commissioner of the Dept. of Mental Retardation (No. 1), 424 Mass. 430, 443 (1997).

The contempt judge found that the wife "admitted that the extensive roof and attic cleanup and repair to the marital home in 2005 was paid for through an insurance check that she gave to her brother who performed the labor. She claimed that her brother incurred additional labor and expense of approximately $21,000 to $22,000. No documentation was submitted to support this claim. There is no evidence of any mechanic's lien filed on the home by the [wife's] brother for his work." The contempt judge further found that "[t]he [wife] did not testify credibly that she repaired or replaced windows in the seven-bedroom single-family home in the amount of $5,700 in 2011."

The documents were not marked for identification at trial, and they were never made part of the record on appeal. See Commonwealth v. Lawson, 425 Mass. 528, 532 n.7 (1997). Because we have no way of reviewing the content of the documents, it is impossible to ascertain whether their admission would have altered the disposition of this case. The only reference to the content of the documents appears in the transcript, when the wife's counsel refers to a "list" of repairs "compiled" by the wife. As such, to the extent that the excluded documents may have consisted primarily of a "chalk," rather than evidence, the judge was not obligated to consider them. See Vedensky v. Vedensky, 86 Mass. App. Ct. 768, 776 n.10 (2014).

"Where, as here, the production of documentation to support [the wife's] claimed expenditures was a matter entirely within [her] control, [her] making 'these important records unavailable for examination could properly be treated by the ... court as conduct in the nature of an admission.' " Crowe v. Fong, 45 Mass. App. Ct. at 679, quoting from Kane v. Kane, 13 Mass. App. Ct. 557, 559 (1982).

The contempt judge noted that, "despite near-constant litigation ... between the parties ... since the divorce, the [wife] apparently never sought to enforce" the repair contribution provision of the separation agreement, thereby "hamper[ing]" the contempt judge's "ability ... to fairly assess [the wife's] claims and the ability of the [husband] to fully defend against the claimed repairs allegedly performed during the previous 22 years."

Pursuant to rule 70, "[i]f a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court." Mass.R.Dom.Rel.P. 70 (identical to Mass.R.Civ.P. 70 ).

In the judgment dated May 23, 2014, the contempt judge "incorporate[d] [her] prior finding of contempt against the [wife] for refusal to reasonably cooperate with the sale of the marital home." The contempt judge found that "[i]t was undisputed that the parties' children have been emancipated since June, 2013, resulting in a mandate that the former marital home be sold," pursuant to the judgment of divorce.

To the extent that we do not address the wife's other contentions, "they 'have not been overlooked. We find nothing in them that requires discussion.' " Department of Rev. v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004), quoting from Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).