Joan L. Muellner (wife) appeals from two modification judgments of the Probate and Family Court reducing the amount of alimony paid by her former husband, Robert L. Muellner (husband). We vacate both modification judgments and remand for further proceedings consistent with this memorandum and order.
Background.[2] The parties divorced after nearly forty-two years of marriage in 2004, when the husband was sixty-five and the wife was sixty-one years old. During the marriage, the wife was a homemaker and the husband worked as a self-employed psychiatrist, operating his business within the marital home. The husband's significant income allowed the parties to enjoy an upper middle-class lifestyle during the marriage. However, by the time the parties divorced, they were left with only modest assets and significant debts. Pursuant to the parties' separation agreement, which was incorporated and merged with the judgment of divorce nisi (divorce judgment), the marital estate was divided relatively equally, and the husband was required to pay alimony of approximately $3,192 per week until either party's death or the wife's remarriage. The husband's alimony obligation amounted to approximately forty-eight percent of his gross income at the time of the divorce.[3]
In February of 2014, the husband filed a complaint for modification (first modification complaint), seeking to reduce or terminate his alimony obligation. A trial was held in November of 2014. On April 20, 2015, a modification judgment (first modification judgment) entered reducing the husband's weekly alimony obligation from $3,192 to $1,548, based on the judge's finding that the husband's weekly income had decreased by $930 (from $6,599 to $5,669) since the time of the divorce. In other words, the judge reduced the wife's alimony by almost twice the amount that the husband's income had decreased.
In May of 2015, less than one month after the first modification judgement entered, the husband filed a second complaint for modification (second modification complaint), once again seeking to terminate or reduce his alimony obligation. A trial on this second modification complaint was held before the same judge in February of 2016.[4] On May 3, 2016, a modification judgment (second modification judgment) entered reducing the husband's weekly alimony obligation to $634, based on the judge's finding that the husband's weekly income had decreased by $2,576 (from $5,669 to $3,093) since the first modification trial. The present appeal by the wife followed.[5]
Discussion. "In reviewing a modification judgment, we examine whether the factual and legal bases for the decision are in error, or whether the judge otherwise abused his discretion." Flor v. Flor, 92 Mass. App. Ct. 360, 363 (2017), citing Pierce v. Pierce, 455 Mass. 286, 293 (2009).[6] " 'When parties to a divorce negotiate an agreement for alimony that is incorporated and merged into' a judgment of divorce, 'the judgment ... is subject to modification based on a material change in circumstances.' " Rosenwasser v. Rosenwasser, 89 Mass. App. Ct. 577, 590 (2016), quoting from Chin v. Merriot, 470 Mass. 527, 534-535 (2015).[7] In "determining whether the amount of alimony should be modified based on a change of circumstances," the judge "must weigh all the statutory factors [under G. L. c. 208, § 34 ] in light of the facts of the particular case," while "keep[ing] in mind that 'the statutory authority of a court to award alimony continues to be grounded in the recipient spouse's need for support and the supporting spouse's ability to pay.' " Pierce, supra at 295-296, quoting from Gottsegen v. Gottsegen, 397 Mass. 617, 623, 624 (1986). Moreover, "[e]ven where provisions regarding alimony in a separation agreement are merged and do not survive the divorce judgment, it is nevertheless appropriate for a judge to take heed of the parties' own attempts to negotiate terms mutually acceptable to them when determining whether to modify ... alimony." Rosenwasser, supra, quoting from Chin, supra at 535.
Here, we conclude the judge's findings fail to demonstrate "appropriate consideration" of the husband's ability to pay, the wife's need for alimony, and the parties' intentions regarding alimony as expressed in their separation agreement. Rosenwasser, supra, quoting from Cooper v. Cooper, 62 Mass. App. Ct. 130, 134 (2004).
1. The husband's ability to pay. "A substantial and permanent decrease in the income of the support provider is one of the material circumstances to be considered in a request for reduction of a support [obligation];" however, "such a decrease does not alone compel a modification." Schuler v. Schuler, 382 Mass. 366, 370-371 (1981). Rather, the totality of the payor's financial circumstances must be considered when determining his ability to pay. See Emery v. Sturtevant, 91 Mass. App. Ct. 502, 508-509 (2017). "[I]n determining income from self-employment, a judge must determine whether claimed business deductions are reasonable and necessary to the production of income, without regard to whether those deductions may be claimed for Federal or State income tax purposes." Whelan v. Whelan, 74 Mass. App. Ct. 616, 626-627 (2009). Here, the judge's findings do not reflect such a determination.
With respect to the first modification judgment, the judge acknowledged the $51,977 home office deduction claimed by the husband in the prior year, but did not indicate whether that deduction, or any of the other deductions, claimed by the husband, were "reasonable and necessary." In connection with the second modification judgment, the judge simply found the husband's business expenses to be "credible," with no "commingl[ing] [of] his personal and business expenses." The judge should have considered whether the expansion of the husband's home office after the divorce increased his business expenses, and if so, whether that expansion was "reasonable and necessary."[8] Whelan, supra. Certain other business expenses also required greater scrutiny by the judge, including (1) the husband's deductions related to self-employment taxes,[9] and (2) the twelve percent increase in the husband's business deductions for 2016, at a time when he reported a thirty-seven percent decrease in his gross receipts.[10] Accordingly, both modification judgments must be vacated and remanded for the judge to review the husband's business expenses and determine whether they are "reasonable and necessary to [his] production of income." Id. at 627.[11]
2. The wife's need for alimony. The wife contends the judge failed to adequately consider her needs when reducing alimony by eighty percent between the time of the divorce and the second modification judgment. We agree. "The standard of need is measured by the 'station' of the parties-by what is required to maintain a standard of living comparable to the one enjoyed during the marriage." Grubert v. Grubert, 20 Mass. App. Ct. 811, 819 (1985), and cases cited. Here, the judge found the wife had "a continued need for alimony ... to maintain the standard of living she enjoyed during the marriage." However, neither modification judgment permitted the wife to maintain the former marital lifestyle. Following the divorce, the wife made considerable efforts to downsize her lifestyle, reducing her weekly expenses by forty-eight percent by the time of the second modification trial.[12] Despite these efforts, the wife was left with a shortfall of $354 per week as a result of the first modification judgment, and an even greater shortfall of $744 per week as a result of the second modification judgment. The wife's inability to meet even her reduced expenses is reflected in the sharp decline in her assets following the first reduction in alimony. Between the time of the first and second modification trials, the wife's assets decreased by forty-three percent, leaving her with sixteen percent less in assets than she had at the time of the divorce. In contrast, the judge's findings and the record demonstrate that, since the divorce, the husband has been able to increase his assets by forty-six percent and maintain the marital lifestyle,[13] even with his reduced 2016 income.
"Absent good reason, in a long term marriage, there is no justification for the life-style of one spouse to go down while the other remains high." Goldman v. Goldman, 28 Mass. App. Ct. 603, 611 (1990). "Where," as here, "the couple's collective income is inadequate to allow both spouses to maintain the lifestyle they enjoyed during the [long-term] marriage after their household is divided in two through divorce," neither spouse has "an absolute right to live a lifestyle to which he or she has been accustomed in a marriage to the detriment of the [other] spouse.' " Young v. Young, 478 Mass. 1, 7 (2017), quoting from Pierce, 455 Mass. at 296. A judge modifying alimony must "reach a fair balance of sacrifice between the former spouses when financial resources are inadequate to maintain the marital standard of living." Ibid., quoting from Pierce, supra. Here, we cannot say the judge reached a fair balance of sacrifice by leaving the wife unable to maintain her more frugal postdivorce lifestyle, while the husband continues to enjoy the former marital lifestyle.
3. The parties' intentions. In addition to failing to appropriately consider the wife's need for alimony, the judge did not appear to consider the parties' intentions when he substantially reduced the husband's alimony obligation. In determining the parties' intentions, we look to the language of the separation agreement. See Colorio v. Marx, 72 Mass. App. Ct. 382, 388 (2008).[14] Here, "a fair reading" of the parties' separation agreement demonstrates they intended to share equally in the economic fruits of their long-term marriage-namely, the husband's self-employment income.[15] Id. at 388-389. It is also apparent the parties intended for this equal-sharing arrangement to continue, notwithstanding the husband's advancing age,[16] given that the separation agreement was executed after the husband had already attained retirement age. See Merrimack College v. KPMG LLP, 88 Mass. App. Ct. 803, 805 (2016), quoting from Sullivan v. Southland Life Ins. Co., 67 Mass. App. Ct. 439, 442 (2006) ("[T]he objective is to construe the contract as a whole, in a reasonable and practical way, consistent with its language, background, and purpose"). Despite the husband's agreement to pay alimony equivalent to forty-eight percent of his income, the judge ultimately reduced the husband's alimony obligation to only twenty percent of his income. While we do not suggest the judge was prohibited from adjusting the alimony percentage implicitly agreed upon by the parties, "we cannot discern from the judge's analysis whether [he] gave appropriate consideration to the parties' intentions" to share equally in the husband's postdivorce income. Mandel v. Mandel, 74 Mass. App. Ct. 348, 355-356 (2009). Accordingly, the judge "should take into account the earlier, expressed desires of the parties" when reconsidering the husband's requests for modification on remand. Bercume v. Bercume, 428 Mass. 635, 644 (1999).
Conclusion.[17] In light of the foregoing, we conclude that the judge abused his discretion by failing to (1) appropriately scrutinize the husband's business expenses, (2) consider the wife's need for alimony, and (3) consider the parties' intentions with regard to alimony, as expressed in their separation agreement. Accordingly, we vacate the modification judgments entered on April 20, 2015, and May 3, 2016, and remand for further proceedings consistent with this memorandum and order. In accordance with this memorandum and order, upon making the appropriate considerations on remand, the judge shall enter a judgment revising the amounts of alimony to be paid by the husband as of April 20, 2015 (the date of the first modified judgment), and as of May 3, 2016 (the date of the second modification judgment). If there is an arrearage, the judge shall determine, in his discretion, the manner in which the husband shall pay any alimony arrearage owed to the wife as a result of the revised alimony amounts. The judge may take additional evidence on remand as he deems necessary. The temporary order dated June 12, 2014, requiring the husband to pay temporary alimony of $1,548 per week and to continue paying for the existing insurance obligations, shall be reinstated during the pendency of the remand unless the judge determines that amount is no longer appropriate and enters a new temporary alimony order.
So ordered.
Vacated and remanded.

We draw the background facts from the judge's findings and from the undisputed facts in the record.

The separation agreement further required the husband to secure his alimony obligation with a life insurance policy benefitting the wife, and to pay for health insurance, long-term care insurance, gap insurance, and disability insurance on behalf of the wife (insurance obligations).

For both modification trials the parties submitted a stipulation of facts in lieu of testimony.

The husband also appealed from the first modification judgment; however, in his brief he requested the affirmance of both judgments.

"[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision, ... such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014), quoting from Picciotto v. Continental Cas. Co., 512 F.3d 9, 15 (1st Cir. 2008).

A judgment for alimony "may be modified only under the terms and standards of modification existing at the time the judgment entered." Chin, supra at 536.

During the marriage, the husband saw both child and adult patients in one room in his basement office, and would sometimes complete administrative work in the living room. The husband's new home office consists of the entire third floor (where he sees child and adult patients in separate rooms), one-half of the second floor (where he performs administrative work), and a portion of the first floor (which serves as a waiting area for patients).

When calculating a support obligation, "it [i]s error to deduct from the [payor's] gross income amounts for ... taxes." Whelan, 74 Mass. App. Ct. at 626.

Between 2014 and 2016, the husband's gross monthly business receipts decreased from $28,381.50 to $17,894.75, yet his total monthly business expenses increased from $6,794.43 to $7,590.75.

Because the matter is being remanded for a redetermination of the husband's ability to pay in connection with his business expenses, we need not decide the question raised by the wife as to whether the fourteen percent decrease in the husband's income at the time of the first modification trial was too small to constitute a material change in circumstances. We nevertheless observe that maintaining the original alimony obligation while earning fourteen percent less income would result in an annual shortfall to the husband of over $60,000, requiring him to deplete his assets in a few years and be left with little for his possible retirement.

Between the time of the divorce and the second modification trial, the wife reduced her weekly expenses (excluding insurance obligations paid by the husband) from $3,219 to $1,683.

Between the time of the divorce and the second modification trial, the husband's weekly expenses (excluding temporary expenses associated with the former marital home and expenses related to the wife) increased from $2,968 to $3,531.

"The interpretation of the separation agreement is a question of law, and is therefore 'afforded plenary review.' " Colorio, supra at 386, quoting from Judge Rotenberg Educ. Center, Inc. v. Commissioner of the Dept. of Mental Retardation (No. 1), 424 Mass. 430, 443 (1997).

The separation agreement required the husband to pay alimony equivalent to nearly one-half of his income at the time of the divorce. The separation agreement further provided that, once the wife became eligible for Social Security, the husband's alimony payments would be reduced by one-half of the wife's Social Security income. The division of the marital estate was also relatively equal.

By the time of the second modification judgment, the husband was seventy-seven years old and the wife was seventy-three years old.

To the extent that we do not address the wife's other contentions, "they have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).