NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-829

JONATHAN CHERNOV

vs.

JOLITA JONENAITE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff (husband) appeals from a divorce judgment of the Probate and Family Court, as well as from the denial of his motion for relief from that judgment.  After review, we dismiss the husband's appeal from the divorce judgment as untimely and affirm the denial of the motion for relief from judgment.

1.  Timeliness of appeal from judgment.  The divorce judgment entered on March 20, 2024.  The husband filed and served a motion for relief from judgment on April 4, 2024.[1]

---

[1] The docket reflects a motion for relief from judgment filed on April 4, 2024, followed by an affidavit in support of motion for new trial filed on April 9, 2024.  The motion for relief from judgment does not appear in the appendix (although the affidavit in support of motion for new trial does).  We have obtained the motion from the Probate and Family Court, and the certificate of service reflects that it was served on April 4,

Because the motion was served more than ten days after the divorce judgment, the service of the motion did not toll the thirty-day period for filing an appeal. See Mass. R. A. P. 4 (a) (1), as appearing in 481 Mass. 1606 (2019) (notice of appeal must be filed within thirty days of judgment); Mass. R. A. P. 4 (a) (2) (C), as appearing in 481 Mass. 1606 (2019) (motion for relief from judgment must be served within ten days of judgment to toll period for filing appeal). As a result, the husband's notice of appeal from the March 20, 2024 divorce judgment, filed on May 24, 2024, was untimely.

The husband was alerted to this issue when the defendant (wife) moved to dismiss the appeal as untimely. A single justice of this court invited the husband to respond to the allegation of untimeliness, including, by requesting that his brief be deemed timely filed pursuant to Mass. R. A. P. 14 (b), as appearing in 481 Mass. 1626 (2019). The husband did not respond to the motion to dismiss and does not address the issue on appeal. As our review of the record reveals that the notice of appeal was not timely filed, the husband's appeal from the

_____

2024. On appeal, the husband appears to reference the April 4, 2024 filing as a motion for new trial, rather than a motion for relief from judgment. In any event, we review the motion by its substance rather than by its label. See Colorio v. Marx, 72 Mass. App. Ct. 382, 385 (2008) (substance, rather than label attached to motion, controls).

2

divorce judgment is dismissed.  See DeLucia v. Kfoury, 93 Mass. App. Ct. 166, 170 (2018) (untimely appeal dismissed).[2]

2. Motion for relief from judgment.  In his motion and affidavit, the husband contends that the divorce proceedings were tainted by false criminal charges instigated by the wife and that he is entitled to a new trial free of this taint.  In addition, the husband lists a series of trial errors, claiming that the judge ignored documentary and testimonial evidence of joint liabilities, improperly sanctioned the husband, preventing him from introducing documentary evidence at trial, failed to consider available evidence on factors required by G. L. c. 208, § 34, and failed to rule on a number of motions, thereby denying the husband due process.

To determine whether the judge abused his discretion in denying the husband's motion, we must review the trial record, including the transcript of the trial, exhibits, motions, and rulings thereon.  See Sahin v. Sahin, 435 Mass. 396, 399 n.6 (2001) (ruling on motion for relief from judgment will not be overturned absent abuse of discretion).  It was the burden of

_____

[2] In any event, we note that the husband's appellate issues stemming from the divorce judgment involve evidentiary issues and require review of the record not provided, most pointedly, the transcript of the trial.  Thus, even if the appeal from the divorce judgment had been timely, we would not be able to review the issues.  See Openshaw v. Openshaw, 493 Mass. 599, 611 n.21 (2024) (appellant has burden to provide adequate record for review).

3

the husband, as the appealing party, to provide an adequate record for review.  See Openshaw v. Openshaw, 493 Mass. 599, 611 n.21 (2024).  Without any record support for the husband's claim of error, the judge's ruling denying the motion for relief from judgment must be affirmed.

Appeal from divorce judgment
  dismissed as untimely.

Order denying motion for
  relief from judgment
  affirmed.

By the Court (Ditkoff,
  Singh & Smyth, JJ.[3]),

Clerk

Entered: June 2, 2025.

---

[3] The panelists are listed in order of seniority.