SUZETTE BOULTER-HEDLEY *vs.* ROBERT TERRY BOULTER.

Essex. May 6, 1999. - June 24, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Divorce and Separation,* Child support, Modification of judgment. *Parent and Child,* Child support. *Retroactivity of Judicial Holding. Probate Court,* Judicial discretion. *Statute,* Construction.

This court concluded that G. L. c. 119A, § 13 (*a*), leaves to the discretion of the judge whether an order modifying a child support obligation has retroactive effect to the filing of the complaint, and nothing in the statutory scheme mandates retroactivity. [809-811]

A child support modification matter was remanded for further findings and a ruling by a different judge whether the modification order should be given retroactive effect to the filing of the complaint. [811-812]

Discussion of the factors that should be considered by a judge when determining whether a modification of a support order should be retroactive to the filing of the complaint. [812-813]

COMPLAINT for divorce filed in the Essex Division of the Probate and Family Court Department on May 5, 1989.

A complaint for modification, filed on June 9, 1995, was heard by *Edward J. Rockett,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Cynthia M. Sullivan* for the plaintiff.

*Marcy Richmond* (*George P. Lordan, Jr.,* with her) for the defendant.

IRELAND, J. The parties were divorced in 1989. They had one child, who was born in 1983. As part of the divorce, the father was ordered to pay $85 per week in child support. In June, 1995, the mother filed a complaint for modification seeking an increase in support payments. A trial was held on the mother's complaint in May, 1998. The judge modified the father's child support obligations, but refused to make the modifications retroactive, citing a "lack of prosecution" by the mother.

The mother appealed and we transferred the matter to this

court on our own motion. We are asked to decide whether G. L. c. 208, § 28, and G. L. c. 119A, § 13, when read together, mandate that all modifications of child support orders be given retroactive effect, absent a showing that such retroactive modification would be contrary to the child's best interests, unjust, or inappropriate. In the alternative, if we find that the decision is discretionary, we are asked whether the judge abused his discretion in not ordering retroactive modification.

We conclude that there is no statutory mandate that modification of support orders be given retroactive effect; the decision whether to give retroactive effect to such orders rests in the sound discretion of the judge. However, because the judge did not explain his conclusion that there was a "lack of prosecution," and because of the apparent absence from the record of facts which would provide a basis for this decision, the ruling gives the appearance of having been made arbitrarily. Therefore, the portion of the judgment denying retroactive effect to the modification order is vacated, and the matter is remanded to another Probate and Family Court judge for a determination whether retroactive modification is appropriate.[1]

## I

We are first urged by the mother to find that the judge erred because G. L. c. 208, § 28, and G. L. c. 119A, § 13 (*a*), when read together, mandate that modification orders be given retroactive effect absent a specific finding by the judge that such a modification would be contrary to the child's best interests, unjust, or inappropriate. In essence, the mother would have us read the relevant statutory language to create the rebuttable presumption that modifications are to be given retroactive effect. While we agree that the best interests of the child should be a significant factor in the judge's decision, we decline to adopt the rule advanced by the mother.

Whether to give retroactive effect to a modification order is a

---

[1]On March 29, 1999, the judge issued an amended modification judgment. This judgment again declined to give retroactive effect to the modification citing as the reason the mother's purported failure to prosecute the complaint. Moreover, the judge ruled that he had committed "no abuse of discretion by . . . refusing to make a revised support order retroactive to the date of the filing of the Complaint for Modification." Where the judge has already reached this conclusion, it is appropriate that on remand the matter be considered by another judge.

decision within the discretion of the judge. See *Department of Revenue* v. *Foss*, 45 Mass. App. Ct. 452, 460 (1998). General Laws c. 119A, § 13 (*a*), deals with retroactive modification of support payments, and states, in relevant part:

> "Any payment or installment of support under any child support order issued by any court of this commonwealth . . . shall be . . . a judgment by operation of law . . . shall not be subject to retroactive modification except with respect to any period during which there is pending a complaint for modification, but only from the date that notice of such complaint has been given . . . ."

Nothing in the statute requires that modifications. be given retroactive effect. Rather, the statute empowers a judge to give such effect to a modification order. We decline to read the grant of discretionary authority contained in § 13 (*a*) as creating a presumption that modifications be given such effect.

It is urged by the mother that § 13 (*a*) must be read in conjunction with G. L. c. 208, § 28.[2] Section 28 prescribes a rebuttable presumption that the Child Support Guidelines (guidelines) apply to modifications. General Laws c. 119A, § 13 (*c*), also states that the guidelines presumptively establish the appropriate level of support, and that a judge who deviates from the guidelines must make the specific, statutorily mandated

---

[2]Section 28 reads in part: "Upon a complaint after a divorce, filed by either parent . . . the court may make a judgment modifying its earlier judgment as to the care and custody of the minor children of the parties provided that the court finds that a material and substantial change in the circumstances of the parties has occurred and the judgment of modification is necessary in the best interests of the children. In furtherance of the public policy that dependent children shall be maintained as completely as possible from the resources of their parents . . . orders of maintenance and for support of minor children shall be modified if there is an inconsistency between the amount of the existing order and the amount that would result from application of the child support guidelines . . . . There shall be a rebuttable presumption that the amount of the order which would result from the application of the guidelines is the appropriate amount of child support to be ordered. If, after taking into consideration the best interests of the child, the court determines that a party has overcome such presumption, the court shall make specific written findings indicating the amount of the order that would result from application of the guidelines; that the guidelines amount would be unjust or inappropriate under the circumstances; the specific facts of the case which justify departure from the guidelines; and that such departure is consistent with the best interests of the child."

findings. It is the mother's position that, unless the statutes are read together to mandate retroactivity, the Legislature's intent that children receive support at levels set by the guidelines can be thwarted during the pendency of the modification action. While we should interpret statutes to give effect to the Legislature's intent, *Sterilite Corp.* v. *Continental Cas. Co.*, 397 Mass. 837, 839 (1986), and should construe related statutes to "constitute an harmonious whole consistent with the legislative purpose," *Registrar of Motor Vehicles* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds*, 382 Mass. 580, 585 (1981), we cannot read into a statute a provision which simply is not there.

The relevant portion of § 13 (*a*) is phrased as a prohibition against retroactive modification of support, "said judgment *shall not* be subject to retroactive modification," which recognizes an exception, "*except* with respect to any period during which there is pending a complaint for modification." This language grants permission to modify support retroactively, but does not command it. We find nothing in the relevant statutory language to indicate that the Legislature intended this permissive grant to be mandatory, and, therefore, we decline to attribute such a meaning to it. See *Beach Assocs., Inc.* v. *Fauser*, 9 Mass. App. Ct. 386, 389 (1980), and cases cited. See also *West's Case*, 313 Mass. 146, 149 (1943) (court will not read requirement into statute which Legislature could easily have included).

## II

We next review whether the judge's exercise of his power under § 13 (*a*) was an abuse of his discretion. See *Department of Revenue* v. *Foss, supra* at 460. In deciding whether a judge has abused his discretion, we do not simply substitute our judgment for that of the judge, rather, we ask whether the decision in question "rest[s] on whimsy, caprice, or arbitrary or idiosyncratic notions." *Bucchiere* v. *New England Tel. & Tel. Co.*, 396 Mass. 639, 642 (1986). This standard gives great deference to a judge's decision. See *Long* v. *George*, 296 Mass. 574, 578-579 (1937). That deference, however, is not without limit.

In concluding that there was a "lack of prosecution," the judge cited the date the complaint was filed and the date of trial and stated that the mother had failed to prosecute the matter. Beyond noting these two dates, the judge did not explain how

he reached his conclusion, did not explore the reasons for the delay, and did not consider whether these reasons, in fact, evidenced a lack of prosecution. The judge should have provided an explanation for his conclusion, both for the benefit of the parties, and to enable an appellate court effectively to review the ruling.

Determining responsibility for any delay in the progression of this case is for the Probate and Family Court to decide on remand. We note, however, that the record indicates a contentious discovery process with the mother's alleging that the father refused to comply with discovery requests, and the father's claiming that the mother's requests were redundant and harassing. Moreover, a total of five motions to continue the trial date were filed in this matter, four by the mother and one by the father.[3] Given this history, the judge's cursory conclusion that the delay in the process was attributable to the mother's "lack of prosecution" appears to have been made arbitrarily. The matter is, therefore, remanded for further findings and a ruling by another judge on whether the modification order should be given retroactive effect.

### III

While we do not agree with the mother that modifications must be retroactive, absent a specific finding that retroactivity would be contrary to the child's best interests, unjust, or inappropriate, we conclude that these are factors that the judge should take into consideration when making a decision.

A judicial determination that an obligor has been paying less than the guidelines require necessarily implies that the child has been receiving insufficient support during the pendency of the complaint. Pursuant to G. L. c. 119A, § 13 (*a*), a judge has the power to address such a deficiency. In exercising this discretionary power, judges should be guided by the policies behind the

---

[3] The mother filed her motions on May 12, 1997, July 25, 1997, November 25, 1997, and February 25, 1998. The father assented to the November 25, 1997, motion. The mother provided reasons for each of her motions, and all were allowed by various judges. The May 12, 1997, motion was based on the mother's attorney's illness; the July 25, 1997, motion was due to a scheduling conflict with the mother's attorney; the assented to motion of November 25, 1997, was due to the mother being out of State on the trial date; the February 25, 1998, motion was based on the father's alleged failure to comply fully with discovery requests. The father also filed a motion to continue which was denied on May 22, 1998.

child support system. Two central policies furthered by the Massachusetts child support scheme are (1) caring for the best interests of children, and (2) ensuring that the taxpayers are secondary to the parents in meeting the financial needs of children. See G. L. c. 119A, §§ 1, 13 (c); G. L. c. 208, § 28; Child Support Guidelines. Consequently, in making such a decision a judge is to consider whether retroactive modification in a particular case would be consistent with these policies. The judge is also to consider whether a modification would be unjust to either the child or the obligor, and whether it would be inappropriate in the circumstances to make a retroactive modification. If the arrears found under a retroactive modification have been unreasonably increased due to a delay resulting from a lack of prosecution, then the lack of prosecution would be a relevant consideration in deciding whether the award of a retroactive modification is unjust.

## IV

The portion of the judgment concerning retroactive modification of the support order is vacated and the matter is remanded to the Probate and Family Court. On remand, another judge of that court shall hold a hearing consistent with this opinion to determine whether retroactive modification is appropriate.

*So ordered.*