These cross appeals involve the modification of the child support provisions contained in a separation agreement entered into between former spouses, Brian J. McNamara (husband) and Christine G. McNamara (wife). The husband challenges the portion of a judgment (modification judgment) of the Probate and Family Court dated September 30, 2016, requiring him to pay monthly child support of $5,000 to the wife. The wife, in turn, challenges the omission of a retroactive child support award in the modification judgment.[2] We affirm the award of child support and attorney's fees in the judgment, but remand for further findings as to whether retroactive child support is appropriate, and if found appropriate, the amount of retroactive child support.
Background. After almost twenty-two years of marriage, the parties divorced in May of 2012, pursuant to a judgment of divorce (divorce judgment) incorporating their separation agreement.[3] The separation agreement required the husband to pay alimony of $6,000 per month, along with one hundred percent of the college-related expenses for the parties' three children (aged seventeen, fifteen, and eleven at the time of divorce).[4] The separation agreement further provided that "[i]f alimony terminates while the children are not emancipated then [the husband] shall pay child support to [the wife] in accordance with the ... child support guidelines." At the time of the divorce, the wife was not earning any income, and the husband reported earnings from his role as owner and manager of a corporation (corporation).[5] The husband's support obligations under the separation agreement were based on an annual income of $225,000.
In April of 2015, the wife filed a complaint for modification seeking to establish a child support order on the basis that the husband's income had increased since the divorce. A two-day trial was held before a judge of the Probate and Family Court, commencing in March of 2016 and concluding in June of 2016. The central disputed issue at the trial was the amount of the husband's 2015 income. The husband alleged that he had earned a total of $551,633, comprised primarily of his salary and shareholder distributions from the corporation. However, the wife contended that the husband had received over $500,000 in additional income from the corporation through what the husband called "the 5500 account" that he used to pay for various personal expenses. The husband claimed the 5500 account was not income; rather, it was a loan from the corporation that he was required to repay with one percent interest. At the conclusion of the trial, the wife requested, among other things, monthly child support of $10,000 to commence retroactively as of May 1, 2015.
A modification judgment entered, dated September 30, 2016, requiring the husband to pay child support to the wife in the amount of $5,000 per month. The judge rejected the husband's claim that the 5500 account (having a total balance of $551,972) was a loan, instead treating it as income and finding the husband's total 2015 compensation from the corporation to be $1,001,360. The judge concluded that the significant increase in the husband's income since the divorce (from $2,885 per week in 2012, to $19,257 per week in 2015) had resulted in "a substantial discrepancy between the lifestyles of the parties" warranting child support. The judge did not address the wife's request for retroactive child support in the modification judgment. The present cross appeals followed.
Discussion. "In reviewing a modification judgment, we examine whether the factual and legal bases for the decision are in error, or whether the judge otherwise abused his discretion." Flor v. Flor, 92 Mass. App. Ct. 360, 363 (2017), citing Pierce v. Pierce, 455 Mass. 286, 293 (2009). See Wasson v. Wasson, 81 Mass. App. Ct. 574, 576 (2012) (modification of child support reviewed for an abuse of discretion). The husband principally argues that the judge (1) erred in treating the 5500 account as income, and (2) improperly modified child support without finding a change in the children's needs or considering the parties' separation agreement.[6] The wife primarily contends that the judge erred in failing to award retroactive child support. We address the parties' arguments in turn.
1. The husband's income. Child support is governed by G. L. c. 208, § 28, and the Massachusetts Child Support Guidelines (guidelines). Croak v. Bergeron, 67 Mass. App. Ct. 750, 754 (2006). "The guidelines and our case law leave the definition of income flexible, and the judge's discretion in its determination broad." M.C. v. T.K., 463 Mass. 226, 240 (2012), quoting from Casey v. Casey, 79 Mass. App. Ct. 623, 634 (2011). Pursuant to the 2013 guidelines, income is defined as "gross income from whatever source," including "income derived from businesses/partnerships" and "perquisites or in-kind compensation to the extent that they represent a regular source of income." Child Support Guidelines § I-A (2013). The husband argues it was an abuse of discretion for the judge to treat the 5500 account as income, rather than a loan, for purposes of child support. We disagree.
The judge found that the husband has "very significant control" over the corporation as its "sole officer" and "[ninety percent] shareholder." The judge also found that the husband routinely used the 5500 account to pay for personal expenses. Although the husband claims that he either had to repay those expenses with interest or take a reduction in his capital interest in the corporation, the judge found that the husband lacked credibility regarding the alleged loan -- a finding that is supported by the record[7] and "is close to immune from reversal on appeal except on the most compelling of showings." Johnston v. Johnston, 38 Mass. App. Ct. 531, 536 (1995). Indeed, the judge found the husband's overall credibility to be "unreliable" with respect to his finances. The judge found the husband's financial statements to be "misleading," "false," and "incomplete" in several regards. See M.C. v. T.K., supra at 240 ("The imputation of income is appropriate where a party has made vague, misleading, or untruthful entries on a financial statement"). The judge found that the husband had "deliberately withheld, for as long as possible, the economic benefit he received from [the corporation] in 2015."[8] Under such circumstances, "the judge was entitled not only to regard [the husband] as an evasive witness, but [also] to draw inferences adverse to him from the uncertainties surrounding his financial affairs." Crowe v. Fong, 45 Mass. App. Ct. 673, 679 (1998). As there is nothing in the record that would compel us to disturb the judge's assessment of the husband's credibility, we discern no error in the decision to treat the 5500 account as income available to the husband for purposes of child support.
2. Modification of child support. Child support may be modified upon "a material and substantial change" in circumstances since the entry of the prior judgment. Brooks v. Piela, 61 Mass. App. Ct. 731, 734 (2004), quoting from G. L. c. 208, § 28. The change may be in the parties' respective life-styles or financial resources, or in the needs of the children. Brooks v. Piela, supra at 734-735, and cases cited. Moreover, "[t]o the extent possible, and consistent with common sense and justice, the modified judgment should take into account the earlier, expressed desires of the parties" as set forth in their separation agreement. Katzman v. Healy, 77 Mass. App. Ct. 589, 598 (2010), quoting from Bercume v. Bercume, 428 Mass. 635, 644 (1999). The husband contends that the modification of child support was improper here as there was no evidence of a material change in the children's needs, and the judge failed to give appropriate deference to the parties' separation agreement. We disagree.
The relevant material change in circumstances found by the judge was the "substantial discrepancy between the lifestyles of the parties" brought about by the husband's increased income. The judge was permitted to consider, "as a component of the children's needs," the husband's increased financial resources and resulting improved "standard of living." Brooks v. Piela, supra at 732. This is because " 'children's needs are to be defined, at least in part, by their parents' standard of living and ... children are entitled to participate in the noncustodial parent's higher standard of living when available resources permit,' ... in furtherance of the principle that such support should 'provide the standard of living the child would have enjoyed had the family been intact.' " Smith v. Edelman, 68 Mass. App. Ct. 549, 554 (2007), quoting from Brooks v. Piela, supra at 737.[9] The judge found that, since the divorce, the husband has enjoyed a "lavish lifestyle," while the wife has "struggled to maintain the family home." The judge also found that, despite the wife's efforts to mitigate her financial difficulties, including obtaining employment and "downsiz[ing] in order to maintain a stable home for the children," her ability "to provide for [the] children ... is eclipsed by the monies expended by [the husband]."[10] Indeed, the parties' financial statements reveal stark differences in their respective household spending, with the husband reporting weekly expenses more than three times those of the wife. See M.C. v. T.K., 463 Mass. at 234 n.11 ("[S]tandard of living, as the concept is used in the guidelines, may be closely linked to household spending"). Thus, contrary to the husband's assertion, there is ample support for the judge's finding of a material disparity in the parties' respective lifestyles, and it was within the judge's discretion to weigh that factor more heavily than others. See Brooks v. Piela, 61 Mass. App. Ct. at 734-735.
We are likewise unpersuaded by the husband's argument that the judge failed to give appropriate deference to the parties' separation agreement. "The interpretation of the separation agreement is a question of law, and is therefore 'afforded plenary review.' " Colorio v. Marx, 72 Mass. App. Ct. 382, 386 (2008) (quotation omitted). Pursuant to the separation agreement, the husband is obligated to pay for the children's college expenses, and "if alimony terminates while the children are not emancipated," the husband "shall pay child support."
The separation agreement does not, as the husband contends, expressly preclude child support under all circumstances other than the termination of alimony, nor do we think such an interpretation is reasonable. See Merrimack College v. KPMG LLP, 88 Mass. App. Ct. 803, 806 (2016) ("The fact that [a party's] preferred reading is linguistically possible does not make it a reasonable interpretation of the parties' agreement").
Moreover, the husband's support obligations under the separation agreement are based on an annual income of $225,000, and the judge found the husband's income to be more than four times that amount at the modification trial. There is no indication that the parties anticipated such a substantial increase in the husband's future income when agreeing to make no provision for child support payments from husband to wife in the separation agreement. See Mandel v. Mandel, 74 Mass. App. Ct. 348, 355 (2009) (A separation agreement must be interpreted "in accord with justice and common sense and the probable intention of the parties" [quotation omitted] ).
Even if the parties had anticipated such an increase, which we do not suggest, their agreement was but one of several factors for the judge to weigh when deciding whether and in what amount child support was appropriate. See Croak v. Bergeron, 67 Mass. App. Ct. at 755 ("[A] judge is to consider the totality of the parties' circumstances in determining their support obligations" [quotation omitted] ). Ultimately, it was within the judge's discretion "to determine whether and to what extent [the children's] needs [were] unmet by [the] existing order." Cooper v. Cooper, 62 Mass. App. Ct. 130, 137 (2004).
In light of the husband's significant income and the substantial disparity in the parties' lifestyles, we cannot say the amount of child support ordered by the judge was unreasonable or an abuse of discretion.[11] See id. at 135 (Where the "noncustodial parent's very substantial income ... permits him ... to enjoy a highly elevated standard of living ... the dispute focuses on what constitutes a reasonable award").
3. Retroactive child support. "Whether to give retroactive effect to a modification order is a decision within the discretion of the judge." Boulter-Hedley v. Boulter, 429 Mass. 808, 809-810 (1999), citing Department of Rev. v. Foss, 45 Mass. App. Ct. 452, 460 (1998). In considering retroactivity of child support, "judges should be guided by the policies behind the child support system ... [, namely,] caring for the best interests of children and ... ensuring that the taxpayers are secondary to the parents in meeting the financial needs of children." Boulter-Hedley v. Boulter, supra at 812-813. Here the judge made no finding as to retroactive child support. Accordingly, the matter must be remanded for further findings as to whether retroactive child support is appropriate in this case, and if found appropriate, the amount of such retroactive child support.
Conclusion. The award of child support and attorney's fees in the judgment dated September 30, 2016, is affirmed, and the matter is remanded for further proceedings consistent with this memorandum and order.
So ordered.
Affirmed and remanded.

The wife also claims that the judge's failure to award her expert witness fees was an abuse of discretion; however, her request for such fees, contained in a single line of her proposed judgment and unsupported by any argument, let alone affidavit documenting the amount of those fees, was insufficient to preserve this argument for appeal. See Sugarman v. Board of Registration in Med., 422 Mass. 338, 347 (1996) (One-page conclusory argument without citation to authority made to agency was insufficient to preserve argument for judicial review).

The separation agreement was incorporated into the divorce judgment and did not merge, except for the provisions regarding child support, which did merge.

The separation agreement had other provisions requiring the parties to share child related expenses, such as extracurricular activities and camps.

At the time of the divorce, the husband was the sole officer and shareholder of the corporation. Following the divorce, the husband brought on four "partners" who collectively acquired a ten percent interest in the corporation. At the time of trial, the husband was the corporation's sole officer and a ninety-percent shareholder.

The husband further argues that treating the 5500 account as income for purposes of child support amounted to inequitable "double dipping." See Croak v. Bergeron, 67 Mass. App. Ct. 750, 758-759 (2006), quoting from Champion v. Champion, 54 Mass. App. Ct. 215, 219 (2002) (" '[D]ouble dipping' ... occurs when property is awarded to one spouse in an equitable distribution of marital assets and is then also considered as a source of income for purposes of imposing support obligations"). As the husband failed to raise this issue below, it is waived on appeal. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).

On the first day of trial, the husband testified that he had asked his partners to deem a portion of the 5500 account balance (approximately $135,000) a loan. However, on the second day of trial, the husband testified that his partners had agreed to deem the entire balance ($551,972) a loan, and he had signed a promissory note to that effect. However, no promissory note was entered into evidence, nor was one even proffered by the husband at the trial. The husband further testified that 2015 was the first year in which the 5500 account had been deemed a loan, rather than a distribution to the husband.

The judge found that the husband failed to disclose, on two financial statements, substantial shareholder distributions that he had already received from the corporation. The judge further found that the husband reported numerous personal expenses on his financial statements that had been paid for by the corporation, and "testified falsely" that he had personally paid for many of the children's expenses, which were later revealed to have been paid for by the corporation.

The guidelines are predicated on several principles, including "to meet the child's survival needs in the first instance, but to the extent either parent enjoys a higher standard of living, to entitle the child to enjoy that higher standard." Child Support Guidelines, principles (2013).

The judge found that the husband provides the children with "cars, trips, expensive clothing and accessories, vacations, jewelry, football tickets, and it appears anything [else] that the children desire. He can afford these items because the gross economic benefit he receives from [the corporation] is $80,000 [per] month." The judge found that the husband used his [corporation] income to pay for "substantial luxuries" for himself and his girl friend, including multiple vacations, two designer watches totaling $9,350, a $25,500 condominium rental for the ski season, $265,919 in renovations to their new home, and $34,299 for vehicle-related expenses (including the purchase of a vintage Jaguar).

"In cases where combined available income is over $250,000, the guidelines should be applied on the first $250,000," and "the Court should consider the award of support at the $250,000 level as the minimum presumptive order. The child support obligation for the portion of combined available income that exceeds $250,000 shall be in the discretion of the Court." Child Support Guidelines § II-C (2013).