NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-759

PHILIP T. MCNAMARA

vs.

SHEENA M. MCNAMARA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Sheena McNamara (mother) appeals from a modification judgment that resulted in a "slight increase" of the child support obligation of Philip McNamara (father).  The mother argues that the judge (1) erred in calculating the father's income by underestimating the amount of overtime income he would earn, (2) abused her discretion by attributing income to the mother, and (3) abused her discretion by failing to make the modification judgment retroactive.  We affirm in part and reverse in part.

Discussion.  "Our review of a child support modification judgment is limited to whether the judge's factual findings were clearly erroneous, whether there were other errors of law, and whether the judge appears to have based h[er] decision on the exercise of sound discretion."  Lizardo v. Ortega, 91 Mass. App.

Ct. 687, 691-692 (2017).  We "give due regard to the judge's assessment and determination of credibility of the witnesses and the weight of the evidence."  E.K. v. S.C., 97 Mass. App. Ct. 403, 409 (2020).  See Mass. R. Dom. Rel. P. 52 (a).

"Public policy dictates that children be supported by the financial resources of their parents insofar as is possible." Murray v. Super, 87 Mass. App. Ct. 146, 154 (2015), quoting M.C. v. T.K., 463 Mass. 226, 231 (2012).  The appropriate amount of child support to be ordered is presumptively that set forth in the Massachusetts Child Support Guidelines (guidelines).  See G. L. c. 208, § 28.  The statute dictates that "when a complaint seeking modification of a child support order is filed, modification is presumptively required whenever there is an inconsistency between the amount of child support that is to be paid under the existing support order and the amount that would be paid under the guidelines."  Morales v. Morales, 464 Mass. 507, 511 (2013).

1.  Calculation of the father's income.  The mother challenges the judge's finding that the father "makes an average of $2,069.80 a week as reflected in his year-to-date income for 2022 which does include overtime."  The judgment did not articulate the basis for the calculation of the father's income, and we are unable to reproduce the calculation or discern the judge's rationale.

2

The father, employed as a line repairman for the Massachusetts Bay Transportation Authority, routinely earned premium overtime, double overtime, and compensation for overtime meals before the divorce. He earned gross income of $2,285.73 per week at the time of the divorce; however, he also reported that he was scheduled to switch to the day shift in January 2020. Because the day shift was eligible for only straight overtime, he expected his total weekly income to decrease substantially. At the modification trial, the mother's counsel argued that the father had changed his schedule back to nights and continued receiving premium or double overtime after the divorce proceedings ended.[1]

The guidelines define income broadly as "gross income from whatever source." Child Support Guidelines § I(A) (Aug. 2021). The judge may disregard some or all of a parent's overtime income only after giving "due consideration . . . to the history of the income, the expectation that the income will continue to be available, the economic needs of the parties and the children . . . and whether the overtime work is a requirement of the job." Child Support Guidelines § I(B)(1).

The father's amended financial statement for the modification trial listed his gross weekly income as $2,325.18.

---

[1] The mother has not alleged that the father deliberately reduced his income in bad faith.

According to the statement, his base pay, including both regular pay and ten hours of straight overtime, was $2,118.80, and he received $166.85 in premium overtime. His income on the statement also included a small weekly gift of $39.53 from his sister. The income reported on the financial statement is consistent with, albeit slightly lower than, the paychecks in evidence. If one divides the father's total year-to-date pay based on the first four full pay periods of 2022 (eight weeks) or the five paychecks the father had received as of March 4, 2022 (ten weeks), his average income also appears to be roughly $2,300 per week.[2]

How the judge arrived at the figure of $2,069.80 per week is a mystery, and does not appear to be supported by any view of the record, especially in light of the judge's statement that the figure includes overtime. Accordingly, we must remand the case for the judge to recalculate the father's income and to issue detailed findings of fact explaining how the calculation comports with the guidelines.

2. Attribution of income to the mother. The judge found that the mother "could earn a minimum of at least minimum wage

_____

[2] The father's 2021 Form W-2 suggests gross income of $2,669.49 per week, and based on a pay statement dated March 4, 2022, the mother calculated the father's gross income as $2,571.79 per week.

4

weekly or $570.00 per week."  The mother contends that the judge's decision to attribute income was an abuse of discretion.

We review a judge's decision to attribute income for abuse of discretion.  See Davae v. Davae, 100 Mass. App. Ct. 54, 57 (2021).  However, we review the underlying factual determinations for clear error, see id. at 58, and in this regard, the modification judge's "credibility finding is decisive.  In a bench trial credibility is quintessentially the domain of the trial judge[,]" and the judge's "assessment is close to immune from reversal on appeal except on the most compelling of showings" (quotation and citation omitted).  Prenaveau v. Prenaveau, 81 Mass. App. Ct. 479, 495-496 (2012).

The modification judge's decision to attribute income to the mother was based on a constellation of factors.  The judge specifically discredited the mother's financial statement.  The record supports the judge's finding that the mother earned income, not reflected in the financial statement, from photography, selling items on line, and class action suits.  The mother could not verify payment of the $125 weekly rental expense to her parents reported on her statement.  Moreover, the judge found that the mother made a number of large, unaccounted for expenditures on items such as vacations and the purchase of a jet ski.

As to the mother's ability to earn income, the judge specifically found that the mother "was not credible when she testified that she is unable to work due to her disability of edema, her hip replacement, and hip problems." The judge, who had also entered the original divorce judgment, had ample opportunity to evaluate the mother's testimony and demeanor. Giving "due regard to the judge's assessment and determination of credibility," Murray, 87 Mass. App. Ct. at 148, we discern no error in the judge's determination that the mother had the ability to earn $570 per week. The judge's decision to attribute income to the mother was within the range of reasonable alternatives.

3. Retroactivity of modified child support obligation. The mother argues that the judge abused her discretion by failing either to apply the modified child support order retroactively to the date of the divorce judgment or to make specific findings on why retroactivity was inappropriate.

Whether to order retroactive application of a modified child support order is the judge's discretionary decision. See Cavanagh v. Cavanagh, 490 Mass. 398, 425 (2022). To deny retroactivity and fail to explain that conclusion, however, is an abuse of discretion. See Boulter-Hedley v. Boulter, 429 Mass. 808, 811-812 (1999). This is particularly true here, where the modified judgment corrected the prior, erroneous

6

treatment of the mother's Supplemental Security Income benefits as income.  "[T]he failure of the findings to support the judge's orders will constitute an abuse of discretion and require reversal" (quotation omitted).  Prenaveau, 81 Mass. App. Ct. at 486.

We agree that specific findings were necessary, and that the absence of findings requires reversal.  However, child support may not be modified except during the period when a complaint for modification is pending.  See G. L. c. 119A, § 13 (a) ("a judicial . . . action to enforce [a child support] judgment . . . shall not be subject to retroactive modification except with respect to any period during which there is pending a complaint for modification, but only from the date that notice of such complaint has been given, . . . where the obligee is the plaintiff, to the obligor").  The mother's request for retroactive relief, therefore, can date back only to July 20, 2021 -- the date she served her modification complaint on the father.

Conclusion.  The modification judgment (on the complaint for modification filed July 1, 2021), entered April 11, 2022, is vacated as it relates to the amount of the father's income and the denial of retroactive application of the father's increased child support obligation.  In all other respects, the

7

modification judgment is affirmed.  The case is remanded for further proceedings consistent with this decision.

                              So ordered.

                              By the Court (Massing,
                                Henry & Grant, JJ.[3]),

                              *Joseph F. Stanton*

                              Clerk


Entered:  December 4, 2023.

---

[3] The panelists are listed in order of seniority.