NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-242

SUZIE PEREIRA

vs.

MICHAEL PEREIRA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff (wife), representing herself, appeals from a judgment of a judge of the Probate and Family Court finding her guilty of contempt for failing to pay child support to the defendant (husband) and ordering her to pay an arrearage. The wife contends that the judge erred by (1) finding her in contempt where she alleges she did not have the ability to pay and (2) refusing to modify her child support obligation retroactive to the date when the parties' child began living exclusively with her. We affirm.

Background. On May 14, 2012, a judge of the Probate and Family Court entered a judgment of divorce nisi incorporating the separation agreement of the same date. The parties'

separation agreement dictated that though the parties shared legal custody of their only child, the wife possessed sole physical custody. Only the provisions of the separation agreement related to the child merged with the judgment of divorce.

On June 26, 2017, the parties stipulated that the husband would have sole legal and physical custody of the child. At the time of the agreement, the wife was not employed, and the parties stipulated that she was not required to pay child support. However, the agreement required the wife to notify the husband within forty-eight hours of her gaining employment and permitted the husband to file a complaint for modification to establish a child support order.

On July 26, 2018, the wife brought a complaint for modification seeking physical custody of the child. The husband counterclaimed, seeking child support because the wife had gained employment since the parties' stipulation from the previous year. The judge issued a temporary order requiring the wife to pay $38 per week in child support, effective August 21, 2020.

On December 4, 2020, the wife requested an emergency temporary order to extend her parenting time with the child, which a second judge granted. Following a hearing twelve days

later, the original judge terminated the emergency temporary order, requiring the wife to return the child to the husband. On January 12, 2021, the parties executed a second stipulation, which required the wife to return the child to the husband and to continue to pay the husband $38 per week in child support, and which was incorporated into a judgment. The wife has neither returned the child nor paid child support to the husband since the date of the second stipulation.

On February 8, 2021, the husband filed a complaint for contempt based on the wife's failure to return the child and pay child support. On April 6, 2021, the judge found the wife in contempt for failing to return the child to the husband but made no finding regarding the wife's failure to pay child support. The judge also assessed a fine of $10, accruing daily, for each day after April 25, 2021, that the wife failed to return the child. On May 19, 2021, the husband filed another complaint for contempt based on the wife's failure to return the child and pay the $10 daily fine. The judge again found the wife guilty of contempt for failing to return the child.

On December 20, 2022, the wife filed a complaint for modification seeking to terminate her child support obligation and to establish an obligation on the husband to pay child support to her. On March 7, 2023, the judge issued a temporary

3

order requiring the husband to pay the wife $235 weekly in child support for thirty one and one-half weeks and $335 weekly thereafter.  The judge reasoned that the husband's obligation would be reduced for the first thirty one and one-half weeks of the term to account for the $3,150 in arrearage accrued by the wife in daily fines pursuant to the April 2021 contempt judgment.

On June 7, 2023, the husband filed the complaint for contempt from which this appeal arises.  In the complaint, the husband alleged, inter alia, that the wife had failed to pay $38 weekly in child support.  On September 25, 2023, the judge held a hearing on both the wife's December 2022 complaint for modification and the husband's June 2023 complaint for contempt. During the hearing, the wife presented evidence of her ability to pay child support.  This evidence included a canceled check in the amount of $342 paid to the husband in October 2020 and her financial statement, listing $700 in weekly income from employment, $1,010 in a checking account, $258,000 in home equity, and $5,875 in combined vehicle equity.  After the hearing, the judge found the wife guilty of contempt and ordered the wife to pay $38 weekly toward the total arrearage of $4,636,

4

after applying a credit of $342, accounting for the canceled check the wife presented at the hearing.[1]  The wife appealed.

Discussion.  1.  Contempt.  On appeal, the wife contends that the judge erred in finding her in contempt for failing to pay child support.

We review a finding of contempt for abuse of discretion. Smith v. Smith, 93 Mass. App. Ct. 361, 363 (2018).  "[T]o constitute civil contempt there must be a clear and undoubted disobedience of a clear and unequivocal command" (citation omitted).  Birchall, petitioner, 454 Mass. 837, 851 (2009).  The plaintiff bears the burden of proving contempt by clear and convincing evidence, and the judge shall consider "the totality of the circumstances."  Voorhis v. Relle, 97 Mass. App. Ct. 46, 54 (2020), quoting Wooters v. Wooters, 74 Mass. App. Ct. 839, 844 (2009).

Here, the wife was required to pay the husband child support in the amount of $38.00 per week from August 21, 2020, pursuant to a temporary order and, later, a stipulation incorporated into a judgment, until her obligation was terminated as of February 24, 2023.  The parties agree that the

---

[1] At the contempt hearing, the judge retroactively terminated the wife's child support obligation as of February 24, 2023, the date the wife served the complaint for modification on the husband.

5

wife has paid only $342 in child support.  The wife does not dispute that the order is clear and unequivocal, nor does she dispute her failure to follow the order.

The wife claims that the judge erred in finding her in contempt because she lacked the ability to pay the child support.  This claim is unavailing.  "[T]he defendant must be found to have the ability to pay at the time the contempt judgment enters" (citation omitted).  Poras v. Pauling, 70 Mass. App. Ct. 535, 540 (2007).  However, the wife presented insufficient evidence to substantiate her claim that she did not have the ability to pay the $38 weekly obligation ordered by the judge.  At the September 2023 hearing, the wife emphasized her inability to pay the arrearage in full, stating that she does not "have that kind of money," and presented a canceled check in the amount of $342 paid to the husband in November 2020.  In response, the judge suggested an order that the wife pay $38 weekly toward the arrearage -- an arrangement the wife said was "fine."  Because the wife failed to meet her burden to show that she had a present inability to comply with the child support order, we discern no error.  See Id., quoting C.P. Kindregan, Jr., & M.L. Inker, Family Law & Practice §§ 72:3, 72:4 (3d ed. 2002) ("Upon a showing that a defendant in a civil contempt proceeding is in arrears on his adjudicated support obligations,

6

the defendant must come forward with evidence of a present inability to comply with the order or judgment, and if no such proof of inability is forthcoming the defendant can be found in civil contempt").

Furthermore, in the judgment, the judge credited $342 toward the wife's child support to reflect the canceled check. The record demonstrates that the judge considered "the totality of the circumstances" in finding the wife in contempt and that she carefully crafted an order that accounted for the wife's previous payment and concerns about her ongoing ability to pay. See Voorhis, 97 Mass. App. Ct. at 54, quoting Wooters, 74 Mass. App. Ct. at 844. The judge therefore did not abuse her discretion in finding the wife in contempt. See Birchall, 454 Mass. at 851.

2. Retroactive termination of child support. The wife contends that the judge abused her discretion by refusing her request to modify child support retroactive to the date when the parties' son began living exclusively with the wife. This claim is unavailing because the retroactive relief requested would have violated G. L. c. 119A § 13 (a), which prohibits "retroactive modification except with respect to any period during which there is pending a complaint for modification, but only from the date that notice of such complaint has been

7

given."  Here, the wife served the complaint for modification to terminate the child support order on February 24, 2023.  That date, which was the date of termination ordered by the judge, was the earliest date that the judge could have permissibly chosen to modify the order.  See G. L. c. 119A § 13 (a).  We discern no error in the judge's decision not to grant earlier retroactive relief to the wife.  Nor did the judge abuse her discretion by declining to retroactively impose a child support obligation on the husband, where the judge reasoned that it would be unjust in the circumstances because the wife relied on "self-help" to effect a custodial change without first obtaining a court order.  See Boulter-Hedley v. Boulter, 429 Mass. 808, 809-810 (1999) ("Whether to give retroactive effect to a modification order is a decision within the discretion of the judge").

Judgment affirmed.

By the Court (Rubin, Neyman & Tan, JJ.[2]),

Clerk

Entered:  August 11, 2025.

---

[2] The panelists are listed in order of seniority.